STEPHEN KHINOVECK *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence*, Railroad.    *Railroad*, Duty to maintain fence.    *Fence.*

At the trial of an action by a child three years and four months of age against a railroad corporation to recover for injuries caused by being run into by a train of the defendant in its freight yard, it appeared that parallel with the track upon which the train was and five feet and seven inches from it was a ten foot passageway which the public had a right to use, that the track was four feet lower than the passageway, that the child when struck by the train was on the defendant's track, and that there was no fence or barrier separating the track from the passageway. *Held,* that the plaintiff was not entitled to have the case submitted to the jury, since it appeared that when he was injured he was a trespasser upon the defendant's track and there was no evidence tending to show that the defendant or any of its servants or agents had been guilty of wanton or reckless misconduct toward him.

At the trial of an action by a child three years and four months of age against a railroad corporation to recover for injuries caused by being run into by a train of the defendant in its freight yard, it appeared that parallel with the track upon which the train was and five feet and seven inches from it was a ten foot passageway extending for four hundred and sixty feet along the track, fronting on which were a number of tenement houses in one of which the plaintiff's parents were tenants; that the land occupied by the tenement houses, the passageway and the defendant's land had been owned formerly by one who, in a deed of a part of the land to a predecessor of the defendant, had reserved to himself and his heirs and assigns the use of the passageway; that the passageway was four feet higher than the railroad track, and that the plaintiff when injured was upon the track; and there was evidence that he had fallen under one of the car wheels. The plaintiff contended that the cause of the accident was a negligent failure of the defendant to erect a barrier or fence between the track and the passageway. *Held,* that the plaintiff was not entitled to have the case submitted to the jury, because the defendant was under no obligation, either at common law or by statute, to erect or maintain a fence or barrier between its freight yard and the passageway; following *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12.

TORT by a child three years and four months of age for injuries caused by being run over by a train of the defendant which was proceeding along a siding in Worcester.  The declaration was in two counts, the first count alleging that the injury was caused by a train of the defendant running over the plaintiff and was due to "negligence, carelessness and want of precaution" on the part of the defendant's agents and servants, and the second count alleging as the cause of the injury neglect of the defendant "to safeguard its track and premises."  Writ dated November 5, 1908.

In the Superior Court the case was tried before *King,* J.

It appeared that when the plaintiff was run over he was on the westerly rail of a track of the defendant in its freight yard; that five feet and seven inches west of that rail and extending parallel with it for four hundred and sixty feet was a ten foot strip which was rightfully used as a passageway by the public and which was four feet higher than the defendant's track, so that a gully was formed between it and the track.  For many years there had been no guard or fence between the passageway and the railroad track.

Fronting on the passageway were a number of tenements and the plaintiff was the child of one of the tenants therein.  The land occupied by the tenements and the passageway and the defendant's property formerly had belonged to one who had conveyed to the defendant's predecessor in title the property which it was occupying by a deed "reserving" to himself and his heirs and assigns "the use and occupation, for all purposes except building and other obstructions to the injury of said railroad, on the strip of land" which was the passageway above described.

An officer of the defendant, in answer to an interrogatory, "If you have actual knowledge of how the accident happened, state it," stated, "I am informed that the child fell under one of the car wheels."

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. T. Dolan,* for the plaintiff.

*C. M. Thayer,* (*A. H. Bullock* with him,) for the defendant.

HAMMOND, J.    While the plaintiff, an infant between three and four years of age, had the right to travel upon the strip of land adjoining the defendant's freight yard, there is no evidence that either in the exercise of a public or private right of way or of any other right was he lawfully upon the defendant's tracks. Nor is there any evidence that the gully by the side of the strip had anything to do with the accident.    Upon the evidence the plaintiff must be regarded as a trespasser at the place of the accident and therefore the defendant was not bound to anticipate his presence, and it owed him no duty except to refrain from wanton and wilful misconduct toward him.    *June* v. *Boston & Albany Railroad*, 153 Mass. 79.    *Myers* v. *Boston & Maine Railroad*, 209 Mass. 55.    *O'Brien* v. *Union Freight Railroad*, 209 Mass. 449, and cases cited.    The evidence shows no such misconduct on the part of the defendant or its servants.    The plaintiff failed upon his first count.

Nor was there any case on the second count.    Upon the evidence as between the plaintiff and the defendant the latter was not under any obligation either at common law or by statute to erect or maintain a fence between its freight yard and the adjoining strip of land.    *Menut* v. *Boston & Maine Railroad*, 207 Mass. 12, and cases cited.

*Exceptions overruled.*