MARIA C. SANTORA *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex.   March 8, 1912. — April 1, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Railroad, Trespasser, Of child.   *Reckless or Wilful Misconduct.*

In an action against a railroad corporation by a child twenty-seven months of age to recover for personal injuries due to his being run into by a train of the defendant while he was a trespasser upon the defendant's track, neither his age, his due care, due care on the part of his parents, or negligence or gross negligence on the

part of employees of the defendant is an issue, and the plaintiff can recover only upon showing that his injuries resulted from wilful or wanton misconduct on the part of the defendant or of its employees.

Where, at the trial of an action against a railroad corporation by a child twenty-seven months of age who, while a trespasser upon a track of the defendant, was run over by a locomotive engine running backward and drawing four loaded freight cars, the plaintiff's evidence tends to show only that it was one of the duties of the engineer to keep a lookout along the track in the direction in which he was going, that the plaintiff might have been seen by the engineer when six hundred feet distant and that a whistle was sounded at that distance at a point where there was a post directing that it should be sounded, while evidence of the defendant tends to show that the engineer did not see the plaintiff until he was one hundred feet from him and then did all in his power to prevent the accident, a verdict should be ordered for the defendant, there being no evidence of reckless or wilful misconduct on the part of any of the defendant's employees.

TORT for personal injuries received by the plaintiff, a child twenty-seven months old, while she was trespassing upon the railroad track of the defendant near Valley Street in Marlborough, by being run over by a locomotive engine which was running backward drawing four loaded freight cars. Writ dated September 19, 1908.

In the Superior Court the case was tried before *King*, J. The declaration contained three counts, but it was submitted to the jury only upon the first count, which alleged as the cause of the accident careless, reckless and wanton conduct on the part of the defendant's employees.

There was evidence of the plaintiff tending to show that it was a duty of the engineer to keep a lookout on the track in the direction in which the train was going, that the plaintiff could have been seen by the engineer from the locomotive at a point more than six hundred feet distant from the place where she was struck, that at that point the train was running at a moderate rate of speed, that at about that point there was a post directing a whistle to be sounded and that the whistle was sounded and the bell was rung there.

Evidence of the defendant tended to show that the engineer first saw the plaintiff when he was one hundred feet from her and that he gave every warning possible and did all he could to stop the train before she was run over.

At the close of the evidence the defendant asked for a ruling that on all the evidence the plaintiff could not recover on the

first count. The ruling was refused. The jury found for the plaintiff in the sum of $800; and the defendant alleged exceptions.

*J. L. Hall,* (*E. S. Kochersperger* with him,) for the defendant.

*J. J. Shaughnessy,* (*F. P. O'Donnell* with him,) for the plaintiff.

SHELDON, J. The plaintiff was a trespasser upon the defendant's track. She went upon it without any invitation or inducement, or even any license or permission, from the defendant. Accordingly the only legal duty which the defendant owed to her was to abstain from doing her any wilful or wanton injury. For mere negligence, even for gross negligence, no matter how great the injury it might cause to her, she could have no redress against the defendant. *Khinoveck* v. *Boston & Maine Railroad,* 210 Mass. 170. It is not a question of the due care of the plaintiff or of her parents, and her rights are no greater than if she were of full age.

We find no evidence that there was any such reckless, wanton or wilful conduct on the part of the defendant's servants as to warrant a verdict in her favor. The failure of the engineer to see her earlier than he did might have tended to show negligence on his part; the fact that the engine was running backward at the rate of speed which was claimed, the time and manner in which warning signals were given, and the failure to stop the train before she was hit, might have been material upon the issue of negligence, or of the degree of such negligence. But taking all the evidence and all possible inferences therefrom in the most favorable light for her, there is nothing to show wilful misconduct or any injurious act done with wanton or reckless disregard of the probable harmful consequences to her. *Willis* v. *Boston & Northern Street Railway,* 208 Mass. 589. The case last cited was stronger for the plaintiff than the one now presented, and yet it was held that the defendant was entitled to a verdict. There is nothing in *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162, inconsistent with this.

The case comes within the provisions of St. 1909, c. 236, and the defendant is entitled to a judgment in its favor.

*So ordered.*