NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY *vs.* CENTRAL MASSACHUSETTS ELECTRIC COMPANY.

Worcester.   September 28, 1914. — October 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: easement in highway. *Railroad.   Electric Lighting Corporation.
Grade Crossing.   Trespass.*

A license granted by the proper public board to an electric lighting corporation
to erect its poles and maintain its wires for the transmission of electricity along
a certain street in a town, the grade of which at a certain point has been sepa-
rated from that of the tracks of a railroad corporation by proceedings under
St. 1890, c. 428, now St. 1906, c. 463, Part I, §§ 29–45, confers no right to erect
or maintain such wires above the bottom of the bridge that supports the rail-
road, that being the limit of the easement of general public travel after the
abolition of the grade crossing under the statute, if not for all purposes, at
any rate for the purpose of maintaining such wires.

If an electric lighting corporation erects wires above and across the tracks of a
railroad corporation that are laid on a bridge above a highway, the grade of
which has been separated from that of the railroad by proceedings under the
grade crossing act, without permission from the railroad corporation and
assuming to act under authority of a license to maintain such wires in the
street below, this is an invasion of the rights of the railroad corporation which
gives it a right of action.

TORT by the New York Central and Hudson River Railroad
Company, as the lessee of the Boston and Albany Railroad Com-
pany, which succeeded to the rights of the Western Railroad
Company, against the Central Massachusetts Electric Company,
for wrongfully erecting and maintaining wires for the transmis-
sion of electricity across the tracks of the Boston and Albany
Railroad Company above the bridge by which those tracks are
carried over Maple Street in the town of Warren and within
the location of that railroad company.   Writ dated February 11,
1914.

In the Superior Court the case was submitted upon an agreed
statement of facts to *Dubuque,* J., who ruled that the plaintiff
was entitled to maintain its action, and, the parties having
stipulated that, if the plaintiff was entitled to recover, the dam-
ages should be $1, found that the plaintiff was entitled to recover

that sum, and at the request of the parties reported the case for determination by this court. If the ruling of the judge was correct the plaintiff was to have judgment for $1; otherwise, judgment was to be entered for the defendant.

*G. H. Fernald, Jr.*, for the plaintiff.

*F. D. Putnam*, (*A. M. Crosby* with him,) for the defendant.

RUGG, C. J. Before 1891 a public way known as Maple Street crossed at grade in the town of Warren the tracks of the Boston and Albany Railroad, now operated by the plaintiff. In that year the crossing was abolished by proceedings under St. 1890, c. 428, now St. 1906, c. 463, Part I, §§ 29–45, by relocating the street so that at its new location it passed under the tracks of the railroad, which crossed the street by an overhead bridge. The defendant is incorporated to sell electricity for lighting purposes to the public, certain of its wires being carried on poles. In 1894 the defendant was authorized by the proper public board "to erect its poles and maintain its wires" along Maple Street among other highways in Warren. Acting under the authority assumed to be conferred thereby, and without the consent of the plaintiff or its predecessor, the defendant erected poles outside the railroad location and carried over the tracks of the plaintiff where they cross Maple Street, at a height of thirty-three and seven-tenths feet above the rails, four electric wires, two bearing a heavy voltage.

The easement of public travel acquired by the location of a highway includes the transmission of electricity for lighting and power by means of poles and overhead wires or of underground conduits. *Commonwealth* v. *Morrison*, 197 Mass. 199, 203. But like any other kind of public travel, it must be exercised within the limits of the highway as located. The ground covered concurrently both by the location of the railroad and that of the highway before the abolition of the crossing at grade was subject to the uses of both kinds of easement, each to be exercised reasonably and with reference to like use by the owner of the other easement. Under those circumstances electric wires might have been carried over the tracks in a proper way without liability to the railroad company. *New York, New Haven, & Hartford Railroad* v. *Cohasset Water Co.* 216 Mass. 291.

The situation was changed by the abolition of the crossing at

grade. The express design of the statute, under which that was done, was to separate utterly the two kinds of easements and to put an end to the dangers arising from the exercise of each easement upon common ground. By such separation of grades a different domain was established for each easement, divided by the lower side of the bridge structure. The theretofore conflicting easements were regulated as to future use. The easement of general public travel, as contemporaneously practiced, after the abolition was confined to the space beneath the bridge by which the railroad passed over the highway, while the easement of public travel by railroad was above that plane. *Boston & Albany Railroad* v. *Worcester,* 180 Mass. 71. The risk of injury from broken or sagging power or light wires passing over a railroad track is a capital illustration of those intended to be abrogated by the abolition of crossings at grade. The terms of the license granted to the defendant by the officers of the town of Warren, above quoted, did not go to the extent of authorizing the stringing of wires above the railroad track. If it had undertaken to do so in express words, it would have been beyond the jurisdiction of such officers.

It is not necessary to decide that under no circumstances would the public have a right to make use of the space above the railroad tracks. That question is not now presented.

It follows that the conduct of the defendant in suspending its wires over the tracks of the plaintiff was not within any authority conferred upon it and was an invasion of the plaintiff's rights.

In accordance with the terms of the report, let the entry be

*Judgment for the plaintiff for $1.*