MARY W. CROWELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.
CHARLES F. CROWELL *vs.* SAME.

Suffolk. December 1, 1919. — January 8, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Way,* Public: reserved space. *Street Railway. Negligence,* Licensee or trespasser.

By the provisions of St. 1894, c. 324, the acts of the street commissioners of Boston in laying out Huntington Avenue and constructing in the middle thereof "a special space for the use of street railways and for grass, of the width of twenty-

five feet, with breaks therein as shown on" a certain plan, and the granting of a location in that space to a street railway company, an exclusive right was conferred upon the company to lay and maintain tracks and to operate cars in that portion so designated on the plan; and the street railway company is not liable for injuries caused by one of its cars running from behind into a pedestrian who was walking in such reserved space between its tracks and the curbing and not at one of the breaks therein, unless such collision is caused by wanton and reckless misconduct on its part or on the part of its employees.

TWO ACTIONS OF TORT, the first for personal injuries received when the plaintiff was struck from behind by a street car of the defendant when she was walking northerly from the intersection of Longwood Avenue and Huntington Avenue in Boston on the "reserved space" in Huntington Avenue between the outer rail of the inbound track of the defendant and the curbstone. The second action is by the husband of the plaintiff in the first action for consequential damages. Writs dated April 17, 1917.

In the Superior Court the actions were tried together before *Sisk*, J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

St. 1894, c. 324, is as follows:

"Section 1. The board or officers authorized to lay out streets, townways or highways in a city or town may, whether any such street or way is laid out under the provisions of law authorizing the assessment of betterments or not, reserve between the side lines thereof special space for the use of persons riding on horseback, special space for the use of street railways, whether operated by animal power, electricity or any other motive power except steam, special space for drains and sewers, and electric wires used for any purpose, and special space for trees, grass and for planting.

"Section 2. This act shall take effect in any city upon its acceptance by the city council thereof, and in any town upon its acceptance by the inhabitants thereof at any annual or special meeting called for the purpose."

*W. L. F. Gilman*, for the plaintiffs.

*E. P. Saltonstall*, for the defendant.

BRALEY, J. The plaintiff in the first case, hereinafter called the plaintiff, sues for personal injuries, while her husband in the second action seeks consequential damages, and, verdicts for the defendant having been returned by direction of the presiding

judge, we are asked to sustain their exceptions and order a new trial.

The board of street commissioners of the city of Boston, acting under their general powers, ordered Huntington Avenue "extended from Copley Square through and over Tremont Street to the boundary line of the town of Brookline, and widened from Gainsborough Street to said boundary line, according to a plan of said highway, marked 'Huntington Avenue, May 1, 1894, Pierce Humbert, Jr., City Surveyor,' deposited in the office of the City Surveyor of said city; said highway laid out, extended and widened as aforesaid is named Huntington Avenue and is bounded and described as follows . . ." But at the date of the layout St. 1894, c. 324, which authorized the reservation of spaces in public ways had been accepted by the city, and as part of the layout ". . . this Board hereby further order that between Copley Square and Francis Street, there be reserved under the authority conferred by chapter three hundred and twenty-four of the acts of the year eighteen hundred and ninety-four, in the middle of said avenue, a special space for the use of street railways and for grass, of the width of twenty-five feet, with breaks therein as shown on the plan hereinbefore referred to. . . . The grades of said avenue are established according to the lines of revised grade of edgestone, shown on red, on said plan." A location, the exact date of which does not appear but which presumably followed the layout, was granted to the West End Street Railway Company to whose rights the defendant has succeeded, to construct, maintain and use a double track on Huntington Avenue from Dartmouth Street to the Brookline line in accordance with the plan of one Plimpton "dated July 18, 1895, and deposited in the office of the Superintendent of Streets." If not expressly conceded, no question is raised that the railway was located, constructed and has since been maintained in the reserved space. Nor is any contention made that the accident to the plaintiff, a pedestrian, did not happen within the boundaries described, at a point where no break or opening in the reserved space as shown on the plan appears.

If, without deciding, it is assumed, that there was evidence for the jury of the plaintiff's due care and of the defendant's negligence, *Hennessey* v. *Taylor*, 189 Mass. 583, *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104, *Chaput* v. *Haver-*

*hill, Georgetown & Danvers Street Railway,* 194 Mass. 218, 220, *Foster* v. *Curtis,* 213 Mass. 79, 84, the defendant contends that, the layout having been in accordance with the authority conferred by the statute, its occupation is paramount. It would follow that the plaintiff while walking upon the reserved space where there was neither a break nor a crosswalk, and which never had been fitted or opened generally for the use of travellers, was at most a bare licensee as between herself and the defendant, to whom it owed no duty except to refrain from wanton or reckless conduct toward her of which there is no evidence. *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12. *Freeman* v. *United Fruit Co.* 223 Mass. 300.

The plaintiff as a traveller undoubtedly was entitled to use the public ways for free and unobstructed passage; a use which as long ago settled is not restricted to crosswalks or sidewalks, or to the part not used by the railway in a street where cars are operated. *Foster* v. *Curtis,* 213 Mass. 79, 84, 85, and cases cited. It must be assumed however that the Legislature in framing the statute was not forgetful of the law as thus declared by this court, *Foster* v. *Curtis,* 213 Mass. 79, 85, and whatever the object may have been, the wording and meaning of the act is unmistakable. While the words "and for grass" appear in the layout as well as in the purposes named in the statute, for which reservations may be made, the grant of the location coupled with the layout conferred upon the railway company an exclusive right to lay and maintain tracks, and to operate its cars in that portion designated on the plan, and in the layout which followed the plan, as a special or reserved space set apart and distinguished from the remainder of the avenue which was open to the use of the general public. *Eustis* v. *Milton Street Railway,* 183 Mass. 586, 589, 590. *Farrington* v. *Boston Elevated Railway,* 202 Mass. 315, 319. *Welch* v. *Boston Elevated Railway,* 214 Mass. 168; *S. C.* 226 Mass. 87. See *New York Central & Hudson River Railroad* v. *Central Massachusetts Electric Co.* 219 Mass. 85.

The verdicts having been ordered rightly the exceptions in each case must be overruled.

*So ordered.*