DAISY B. TREEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    November 20, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: reserved space for street railway.    *Negligence,* Street railway,
License.

One walking on the "reserved space" in Huntington Avenue in Boston,
where there was neither a break nor a crosswalk, toward a white post
with the purpose there to become a passenger of the street railway
company for whose occupancy and use the space was reserved by St.
1894, c. 324, cannot recover in an action against the street railway
company for personal injuries not caused by wanton or reckless conduct
on the part of the defendant or of its employees.

TORT for personal injuries received when the plaintiff was
run into by a street car of the defendant on Huntington
Avenue in Boston.    Writ dated May 10, 1919.

In the Superior Court, the action was tried before *Lawton,* J.
Material evidence is described in the opinion.    At the close
of the evidence, the defendant moved that a verdict be
ordered in its favor.    The motion was denied.    The jury
found for the plaintiff in the sum of $2,975.    The defendant
alleged exceptions.

*R. L. Mapplebeck,* for the defendant.

*J. D. Graham,* (*A. M. Graham* with him,) for the plaintiff.

RUGG, C.J.    There was evidence tending to show that the
plaintiff, while walking on the "reserved space" in Hunt-
ington Avenue in Boston, where there was neither a break
nor cross walk, toward a white post with the purpose there to
become a passenger of the defendant, was struck by one
of the defendant's cars and injured.    When Huntington
Avenue was laid out, this space was specially reserved under
St. 1894, c. 324, for street railway track location.    The case
at bar is governed by *Crowell* v. *Boston Elevated Railway,*
234 Mass. 393, where it was held that, under similar circum-
stances, the traveller was at most a bare licensee as to the

defendant, which owed her no duty except to refrain from wanton or reckless conduct. The differences between that case and the present one are immaterial and do not call for the application of a different principle.

*Exceptions sustained.*