CHARLES H. FERNALD vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.      January 19, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence*, Street railway, Licensee.   *Way*, Public: reserved space.

If a pedestrian, for the purpose of waiting for a street railway car at a
regular stopping place on Huntington Avenue in Boston on the space
reserved by the street commissioners for the location of the street rail-
way under St. 1894, c. 324, such regular stopping place being at a point
where there was no cross walk nor any intersection or break in the
sidelines and the nearest break or intersection being distant not less
than one hundred feet, crosses from a sidewalk over the part of the
street used for vehicular traffic and, because of the volume of that
traffic, and to avoid being struck by it, steps upon the reserved space
where, while engaged in taking out his pocketbook preparatory to enter-
ing a "pay as you enter" car, he is struck by a street car operated on
the adjacent track without reckless or wanton misconduct, he cannot
recover in an action against the street railway company for personal
injuries so received, his right while upon that part of the reserved space
being that of a mere licensee.

TORT for personal injuries received by the plaintiff while
standing on the reserved space on Huntington Avenue in
Boston waiting for a car of the defendant.   Writ dated
June 28, 1924.

In the Superior Court, the action was tried before *Whit-
ing*, J.   The plaintiff testified that on "May 20, 1924, after
finishing work about 4 P.M. at the shop, 41 Norway Street,
Boston, where he had been employed as a carpenter con-
tinuously for five years prior to the accident, he came out,
as was his usual custom, on the westerly side of Huntington
Avenue, from the basement of 187–189 Huntington Avenue;
that from this point, to reach the reservation in the center of
Huntington Avenue where the defendant's inward and out-
ward bound car tracks were located, it was necessary to cross
the outward street traffic-way; that at the time of the acci-
dent both the inward and outward bound electric cars of the

defendant stopped directly opposite 189 Huntington Avenue; that he daily arrived at his work on an outward bound electric car on Huntington Avenue, and got off there and went through 187-189 to his shop. It was the nearest way. That in going to his home in Malden daily from his work, he took the defendant's electric cars on Huntington Avenue at this point. If before four o'clock, he took an inward bound car; if after four o'clock, an outward bound car to Northampton Street, where he changed to an elevated train for his home in Malden, being more sure of a seat by going that way; that on this day he was waiting to take an outward bound car; that after coming out on the sidewalk at 187–189 Huntington Avenue he walked six or seven feet on the sidewalk, out of town direction, then directly crossed over the outward bound traffic-way to the reservation; that before doing so he looked in both in-town and out-town directions for electric cars, but saw no electric car; that from the point where he stood, it was twenty-three to twenty-five feet in-town direction to a certain post which was between the outward and inward bound tracks and had white paint on it"; that the traffic "was going in great shape, and I had to hustle across to get in there, and I jumped upon this raised space . . . to get out of the way of the traffic. . . . I looked both ways to see if there was a car coming in or out, and I saw no car whatever in any direction, and I turned around and looked again and saw no car. Then I turned and took out my pocketbook. . . . I had to keep track of this traffic, it came so fast. I'd have stepped down the first chance I got, but I didn't have a chance to step down. I looked for my pocketbook"; that at that time there was no opportunity to get out on the street; "I may have stepped down once, but I had to get right up again" because of the passing traffic; "as I stood there, I took out my pocketbook, after looking again to see if there was any car coming, keeping back from the traffic which continued to flow by, and took out my pocketbook to get my change"; the street car he was to enter was a "pay as you enter car . . . while I was doing that, I was struck"; that he had been standing there "about a minute."

Other material evidence is stated in the opinion. At the close of the evidence, by order of the judge and on motion by the defendant, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*E. H. R. Burroughs,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

BRALEY, J. It was uncontroverted that Huntington Avenue at the place where the plaintiff was injured was laid out by the street commissioners of the city of Boston under authority conferred by St. 1894, c. 324. The commissioners reserved between the side lines of the layout a special portion or space for the location of a street railway, and the tracks of the defendant were lawfully laid and maintained within the limits of the reservation. It also was unquestioned that, while standing on the reservation where there was no cross walk nor any intersection or break in the sidelines, the nearest break or intersection being distant not less than one hundred feet, the plaintiff was struck and injured by the overhang of an outward bound car.

The plaintiff's own testimony shows that instead of passing through the designated opening to reach the white post where cars regularly stopped to receive passengers, which was twenty-three to twenty-five feet from the sidewalk, he entered upon and passed over the reservation directly to the place where the accident happened. The course taken, even if shorter and previously followed by him, was not the way over which passengers were invited by the defendant to board its cars. If, without deciding, it is assumed there was evidence for the jury of the plaintiff's due care, and of ordinary negligence of the defendant, the plaintiff at most was a bare licensee, and, there being no evidence of wanton or reckless conduct in the operation of the car without which the action cannot be maintained, the trial judge rightly ordered a verdict for the defendant. *Freeman* v. *United Fruit Co.* 223 Mass. 300, 302. *Crowell* v. *Boston Elevated Railway,* 234 Mass. 393, 396, and cases cited, *Treen* v. *Boston Elevated Railway,* 253 Mass. 605.

*Exceptions overruled.*