MAITLAND LABELLE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 7, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Street Railway*, Reserved space. *Way*, Public: space reserved for street railway. *Negligence*, Licensee, Street railway. *Carrier*, Passenger. *Boston Elevated Railway.*

The mere facts, that the Boston Elevated Railway Company filled in with concrete flush with its rails a portion, more than one hundred fifty feet in length, of the reserved space on Huntington Avenue in Boston established by St. 1894, c. 324, so that the surface between the curbs, which remained, had the appearance of a walk and cross-over, and that the place so surfaced was used as a landing and embarking place for its passengers, where it did not appear that the layout, established by the municipal authorities under the authority of the statute, ever had been changed by such authorities or that any such authority participated in the construction of the landing place in question, will not warrant a finding that the company invited the public to cross its tracks on the surface so constructed, even for the purpose of taking one of its cars; and one struck by a street car while so doing has neither the rights of a passenger of the corporation nor those of a pedestrian on the highway, and cannot recover in an action against the corporation in the absence of evidence of reckless or wilful misconduct on the part of its servants or agents. *Welch* v. *Boston Elevated Railway*, 226 Mass. 87, distinguished.

TORT, with a declaration described in the opinion. Writ dated May 15, 1925.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. M. Dangel*, (*L. E. Sherry* & *S. Rice* with him,) for the plaintiff.

*H. F. Hathaway*, for the defendant.

SANDERSON, J. This is an action of tort for personal injuries received by the plaintiff, as a result of being struck by one of the defendant's cars, at a point on Huntington

Avenue within the limits of the reserved space as originally laid out under the provisions of St. 1894, c. 324.  The first count of the declaration alleged that the plaintiff was injured by the negligence of the defendant while on its grounds as a passenger; the second, that he was upon Huntington Avenue, a public highway, when injured by negligence of the defendant; and the third, that the plaintiff was injured because of the careless and wanton conduct of the defendant in the operation of its car.  Subject to the plaintiff's exception, the court allowed the defendant's motion that a verdict be directed in its favor, and the sole question is whether that order was correct.

The jury took a view of the premises.  They could have found that the plaintiff started from the sidewalk to cross Huntington Avenue in a diagonal direction to reach a white post and board an outbound car on the track farthest from him.  Before stepping from the curb he saw an inbound car about four hundred feet away.  When two thirds of the way across the street he looked again and, the car being then about two hundred to two hundred fifty feet away, decided that he could cross in safety.  Just before starting to cross the inbound track, he heard a noise which he thought came from the outbound car he had previously seen.  When he had almost reached the farther rail he was struck by the inbound car and was pushed or dragged about twenty feet.  The car was moving at the rate of about twenty miles an hour and did not abate its speed until it hit him.

The plaintiff testified that, at the point where he crossed the tracks, the surface over which he walked was paved with concrete, had the appearance of a walk or cross-over, and that it had been commonly used by himself and others; that he had seen it used as a place where cars stop and had seen people walk across and take cars on the more distant tracks, for a period of three years, and during that time he knew of no change of construction.  He further testified, in substance, that the space between and on either side of the two tracks was filled with concrete flush with the rails for a distance of one hundred fifty-four feet from Irvington Street in the direction of Garrison; that beyond the point where the con-

crete surface ends the corresponding space was filled with broken stone, the rails extending four or five inches above it. One witness testified, as an expert and civil engineer, that the purpose of tar surface at the car stop was for people to walk on. He was shown a plan, which does not seem to have been introduced in evidence, upon which appeared the words "landing platform" on each side of the inbound and outbound tracks, at the place where the accident happened. The record does not disclose by whom this witness was called or employed, nor does it state by whom or when the plan was made.

The parties agreed that the reservation was laid out as the result of the acceptance by the city of Boston of St. 1894, c. 324, and dedicated as a special space for the use of street railways, electric wires, space for trees, grass and planting; that the defendant had maintained its railway in the reserved space; that the accident happened within the boundaries thereof where no break or opening appeared on the plan of the layout on file with the street commissioners; and that the layout never has been changed by the municipal authorities. It was further agreed that since the original layout the defendant has made a change in the surface of the reservation where the accident occurred by resurfacing it from curb to curb with crushed stone imbedded in tar or cement.

The plaintiff had not the rights of a passenger. *Cotter v. Boston, Revere Beach & Lynn Railroad*, 258 Mass. 279, 281. If he had the rights of a traveller upon a public way, the evidence presented issues for the jury on his due care and the negligence of the defendant. If his rights were merely those of a licensee he could recover only by proving wanton or wilful conduct on the part of the defendant, a conclusion not justified by the evidence. *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, 397.

The controlling question is, therefore, whether he had the rights of a pedestrian upon a public way.

The plaintiff contends that the case at bar comes within the principle of *Welch* v. *Boston Elevated Railway*, 226 Mass. 87. In that case the plaintiff was permitted to recover for an injury caused while he was on a cross walk over the same

reservation.  The court said, at page 90: "The cross walk, of ordinary construction, extended across the reservation; there was nothing in its appearance or surrounding conditions to indicate to the plaintiff or to others that it was not a public crossing constructed and maintained as such.  Although it does not appear that it was built by lawful authority, there was evidence that it was so constructed by an official of the city of Boston in 1896, and from that time until the date of the accident had continually been used by the public as a means of crossing the reservation at that point.  It was, therefore, at the time the plaintiff was hurt a cross walk *de facto*.  There is no evidence that the city of Boston ever objected to the use by the public of this walk; nor is there evidence that the defendant ever objected thereto or attempted to prevent its use by the erection of a railing or by posting of notices or other warning to the public.  Under these circumstances, the jury could have found that the defendant, with full knowledge of the facts, had acquiesced in and assented to the use which had been made by the public of the cross walk."  In that case the defendant was held to have the duty of exercising reasonable care toward the plaintiff.

In the case at bar the parties have agreed that at the place of injury no break or opening in the reserved space was made in the layout by the city of Boston and that no change in the layout has since been made by municipal authorities.  The plaintiff was therefore entitled only to the rights of a licensee unless, since the layout, the defendant has done something to give the plaintiff greater rights.  The plaintiff contends that he had the rights of an invitee.  It would be giving a somewhat unusual meaning to a cross walk to hold that a cemented surface for a distance of one hundred fifty-four feet within a reservation is or could be found to be such a walk.  The reservation within which the street railway was given exclusive or paramount rights over pedestrians passing thereon is distinctly marked by curbing on each side separating the travelled part of the avenue from the reservation.  It was the right of the municipal authorities and not of the defendant to determine where the cross walks or breaks or open-

ings in the reservation should be.   The defendant could not be found to have given the public an invitation to cross its tracks on the reservation by making the place for boarding or alighting from cars thereon safe and convenient; nor do we think that it could be found to have invited the public to cross the part of the reservation in question by extending the construction of cement across the whole reservation in the manner described.   The defendant had a right to construct its roadbed of such material as was disclosed by the evidence without losing its exclusive right of way in the reservation.   Such resurfacing did not establish a new break, opening or cross walk in the reservation over which it invited the public to pass in crossing the street to take a car or for other purposes.   The testimony to the effect that people frequently crossed the reservation where it had been resurfaced would not justify a finding that the defendant had invited or induced them so to use it.   *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135, 139.   *Murphy* v. *Boston & Maine Railroad,* 248 Mass. 78, 81.

The fact that the plaintiff was intending to take the car of the defendant would not affect his rights at least until he had come to have the rights of a passenger.   The case is controlled by *Crowell* v. *Boston Elevated Railway,* 234 Mass. 393, *Treen* v. *Boston Elevated Railway,* 253 Mass. 605, *Fernald* v. *Boston Elevated Railway,* 260 Mass. 78, 80, and is distinguishable in its facts from *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, and other cases cited by the plaintiff in which it has been held that the person injured had the rights of an invitee.

*Exceptions overruled.*