ABRAHAM HERMAN vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   April 13, 1931. — May 27, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Licensee, Street railway: reserved space. *Wilful, Wanton or Reckless Misconduct. Street Railway,* Reserved space. *Way,* Public: reserved space. *Boston Elevated Railway Company.*

At the trial of an action of tort against the Boston Elevated Railway Company, there was evidence that the plaintiff, while waiting for a street car of the defendant, stood within a space reserved under St. 1894, c. 324, opposite a white stop pole; that he was struck and injured by the folding front door of the car which opened just before the car came abreast of him; that the distance between the side of the car and the edge of the reserved space was nineteen inches; that the door of the car when open projected about seven inches beyond the side of the car; and that motor traffic was heavy on the way adjacent to where the plaintiff was standing. *Held,* that

(1) The plaintiff was merely a licensee while standing within the reserved space, and the defendant was liable to him only for wilful, wanton or reckless misconduct;

(2) The evidence did not warrant a finding that the defendant was guilty of such misconduct;

(3) The plaintiff could not recover.

Certain municipal ordinances and a rule of the defendant relating to the opening of doors on street cars, in evidence at the trial above described, did not aid the plaintiff, since they were not designed to protect persons standing upon the street from being hit by an opened door; and, furthermore, if there were a violation of such rules, no wilful, wanton or reckless misconduct on the part of the defendant was shown thereby.

CONTRACT OR TORT.   Writ dated May 24, 1927.

The action was tried in the Superior Court before *Walsh,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*F. I. Rose,* for the plaintiff.

*S. P. Sears,* for the defendant.

SANDERSON, J.   This is an action of tort to recover for personal injuries sustained by the plaintiff on March 16,

1927, while waiting to board a street car on the reservation of the defendant, on Blue Hill Avenue, in the Mattapan district of Boston, based upon the alleged negligence of the defendant. The defendant rested at the close of the plaintiff's evidence, and on its motion a verdict was directed in its favor.

The plaintiff walked from his work to the corner of Fessenden Street and waited on the northeasterly corner of the sidewalk until the street car he desired to take came into view on the easterly track. Blue Hill Avenue is a main motor artery running north and south with a street car reservation through the center, the traffic on the easterly side being one way toward Boston and on the westerly side one way toward Mattapan; at the place of the accident Fessenden Street comes into Blue Hill Avenue from its easterly side with a paved crossing over the reservation. The white stop pole for northerly bound cars is located in the center of the reservation about thirty-five feet north of the northerly edge of the paved Fessenden Street crossing. Cars would stop with the front car sufficiently beyond the pole to allow the rear of a second car to clear the crossing.

It was agreed that Blue Hill Avenue at the place where the plaintiff was injured was laid out by the street commissioners of Boston under authority conferred by St.. 1894, c. 324. The commissioners reserved between the sidelines of the layout a special portion or space for the location of a street railway and the tracks of the defendant were lawfully laid and maintained within the limitations of the reservation. At certain places along Blue Hill Avenue there were breaks in the reservation, which constituted grade crossings for vehicular traffic and pedestrians. These breaks were not a part of the grant. It was also agreed that the plaintiff, while standing on the reservation where there was no cross walk or any intersection or break in the sidelines, was struck and injured.

When the street car came into the plaintiff's view, he took advantage of the first break in motor traffic to cross to the reservation and stood between the outer rail of the northerly bound track and the edge of the reservation, near the

northerly edge of the paved crossing.  The street car was then about six hundred feet away in plain view with no obstructions in the space between.  There were six or seven other people scattered along the easterly reservation edge waiting for the car.  This easterly edge slopes down slightly to meet the level of the automobile thoroughfare, but there is no barrier between the reservation and the pavement.  The area between the track and edge of the reservation was composed of grass, earth and gravel.  As the car approached the plaintiff moved nearer the white pole, looking at the street car and stopping.  When the front of the car was several feet from him he was standing on the easterly edge of the reservation about opposite the white pole, but wholly within the limits of the reservation.  At this time motor vehicle traffic on the easterly side was very heavy. The front doors of the car, just before it came abreast of the plaintiff, opened, striking him and throwing him to the ground, and causing the injury of which he complains.  It appeared that this type of car has a folding door, and when open its rear section projects about seven inches beyond the side of the car.  There was evidence that the distance between the outer rail and the edge of the reservation was three feet three inches, and the distance between the side of the car and the edge of the reservation was nineteen inches.

The rights of the plaintiff while in the space reserved for the defendant under St. 1894, c. 324, were those of a licensee, and he would be unable to recover for the injury unless he could upon an amended declaration prove wanton or reckless misconduct on the part of the defendant.  The evidence did not go far enough to establish such misconduct.  The case is controlled by *Crowell* v. *Boston Elevated Railway*, 234 Mass. 393, *Treen* v. *Boston Elevated Railway*, 253 Mass. 605, *Fernald* v. *Boston Elevated Railway*, 260 Mass. 78, and *LaBelle* v. *Boston Elevated Railway*, 265 Mass. 482.  Certain ordinances of the city of Boston and rules of the defendant relating to the operation of street cars were introduced in evidence.  The one to the effect that on designated types of cars certain doors must not be

opened so as to permit persons to board or alight from moving cars was not to protect persons standing upon the street from being hit by the door when it was opened, but was only for the protection of those who might be boarding or alighting from a moving car. If the violation of any of the rules introduced would be evidence of negligence, such violation could not establish wanton or wilful misconduct. The plaintiff standing on the reservation intending to take the car which was coming to a stop could not be found to have the rights of a passenger. No invitation had been extended to him to become a passenger at the time he was injured.

*Exceptions overruled.*