GEORGE MARTIN, administrator, *vs.* UNION STREET RAILWAY COMPANY.

Bristol.   October 26, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Street railway.

Evidence, at the trial of an action against a street railway company for the conscious suffering and death of a boy four years and nine months of age who was run over by a street car of the defendant, which warranted a finding that the boy without leave of the defendant seated himself on the fender of the car while it was stationary and was thrown off when it started, so that he was a trespasser to whom the defendant was liable only for wilful, wanton or reckless misconduct on the part of the motorman, of which there was no evidence, did not require as a matter of law a finding for the defendant, where there also was evidence that the boy was upon the street in front of the car, walking or trying to get upon his feet when he was struck, that the

view of the motorman was not obstructed, and that he could have seen the boy and avoided his being run over: the questions, whether the boy was a trespasser or was upon the public way rightfully, and whether the motorman was negligent, were for the jury.

TORT for causing the conscious suffering and death of the plaintiff's intestate. Writ dated March 18, 1929.

The action was tried in the Superior Court before *Weed,* J. There was evidence that the "electric car [of the defendant] was a two truck, closed box car with longitudinal seats at either end and cross seats between the longitudinal seats . . . [and that there] was an iron fender on either end of the car and when it was pulled out it extended from two and one-half to three feet in front of the body of the car and when pushed in only the corners of the fender extended beyond the car because the front part of the car bulges out." The motorman testified that "the construction of the electric car was such that in front of him and between him and the window was the controller box and other mechanism so that his position standing normally as he was on the day of the accident, would be about three feet back from the frontmost window; that he couldn't see the fender from the window at a point near the body and that if the fender was pushed out as far as it could be pushed out, he couldn't say that he could see it from the window."

Other material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff on the count for conscious suffering in the sum of $1,120, and on the count for death in the sum of $1,500. The defendant alleged an exception.

*T. F. O'Brien,* (*G. P. Ponte* with him,) for the defendant.
*F. A. Doyle,* for the plaintiff.

CARROLL, J. This action is brought by the administrator of the estate of Charles Martin to recover for his death and conscious suffering. The intestate was playing in the yard of his parents' home. The mother testified that she saw the child every ten or fifteen minutes and had cautioned him to remain in the yard; that the last time she

saw him was five or six minutes before the accident.   The intestate was run over and killed on Sawyer Street, New Bedford, by a street car of the defendant; he was at this time four years and nine months old.   There was a verdict for the plaintiff.

The single car track of the defendant on Sawyer Street ended about one hundred feet easterly of the intestate's home which was located on Sawyer Street near Bonneau Court.   One witness testified that as she was looking from her window at the corner of Sawyer Street and Bonneau Court she saw the boy "falling under the forward part of the car"; "that the car was coming up the street 'not very fast.'"   The motorman testified that when he came to the end of the line he "put up the rear trolley," and when the car started there were no passengers; that when he reached Acushnet Avenue he learned that the boy had been injured; that he knew nothing of the accident until this time; that he ran the car back to the scene of the accident.   The traffic officer testified that when he first saw the boy he was on the north rail of the car track; "that he was trying to pull himself up; that the child fell back and tried to do the same thing again."

There was evidence that the street was free of traffic. One witness who was waiting for the car said "she saw the surface of the street . . . and that until the car went by there was nothing upon the street surface."   Another witness testified that she saw "some children . . . run out of a yard; that one little boy went and . . . [sat] on the fender of the car up near the body while the car was stopped at the end of the line"; that the "car started up very slow and the little boy was thrown off."

If the intestate, while seated on the fender of the car, fell in front of the car, the plaintiff cannot recover.   If this testimony were believed, the child must be found to have been a trespasser upon the fender, without the license or invitation of the defendant; and, to recover in those circumstances, wilful, or wanton misconduct by the motorman must be shown.   There was no evidence of this kind. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130.

*Santora* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 464.

If the boy was not on the fender and did not fall from the fender in front of the moving car, but was on the street and was struck by the moving car and then run over, and the operator of the car was negligent, the plaintiff could recover. There was evidence tending to show that the child was upon the street in front of the car when he was struck; that he was walking or trying to get upon his feet; that the view of the motorman was not obstructed. The jury could have found that with proper caution the motorman could have seen the child and avoided striking him. It may be that when the boy was first seen by the traffic officer he had already been run over. But this was for the jury to decide. In the opinion of the majority of the court there was some evidence for the jury tending to show the negligence of the defendant. The due care of the plaintiff's intestate is not argued.

*Exceptions overruled.*