HAZEL PRITCHARD *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   November 12, 1936. — December 4, 1936.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Licensee; Street railway: reserved space.   *Way,* Public:
reserved space.   *Middlesex Fells Parkway.*

The metropolitan park commissioners had authority under St. 1894,
c. 288 and c. 324, § 1; and St. 1900, c. 413, § 1, to grant to a street
railway company a location with a reserved space for its use between
the side lines of the "roadway or boulevard" known as the Middlesex
Fells Parkway.

One crossing a reserved space, granted to a street railway company in a
"roadway or boulevard" under statutory authority, at a point not
a crosswalk, for a purpose not connected with the business of the
company, had, in the absence of special circumstances, no greater
rights against it than those of a licensee, and it was not liable to him
for injuries caused by mere negligence of its employee.

TORT.   Writ in the First District Court of Eastern Mid-
dlesex dated March 8, 1934.

The action was heard by *Davis,* J., who found for the de-
fendant.   A report to the Appellate Division for the North-
ern District was ordered dismissed.   The plaintiff appealed.

The case was submitted on briefs.

*W. E. Fitzgerald,* for the plaintiff.

*M. P. Spillane, C. C. Cabot & F. W. Crocker,* for the
defendant.

FIELD, J.   This action was brought in a district court
by the plaintiff, a minor, by her next friend to recover
compensation for personal injuries sustained by her as a
result of being struck by a car owned and operated by the
defendant street railway company while she was crossing
the defendant's tracks located in Middlesex Fells Parkway,
near Fulton Street, Medford.   Some requests by the plain-
tiff for rulings of law, including a request for a ruling that
as "matter of law, the plaintiff was not a trespasser," were

granted. Other requests by the plaintiff for rulings of law were refused. The judge made this specific finding: "I do not find that the operator of the defendant's car was guilty of reckless and wanton conduct, but was guilty of negligence," and found for the defendant. A report to the Appellate Division was dismissed and the plaintiff appealed to this court.

According to the report "the sole issue raised by this report is whether or not the plaintiff was owed a duty greater than that owed to a trespasser. It is agreed that if the plaintiff was a trespasser, the finding for the defendant is to stand, but if the defendant owed the plaintiff a greater duty than that owed to a trespasser, the finding for the defendant is in error."

The report, which "contains all the evidence material to the questions reported," so far as it sets forth evidence or facts is as follows: "It is agreed by both parties that the metropolitan park commissioners on March 6, 1907, granted to the defendant's predecessors in accordance with the provisions of" St. 1894, c. 288, §§ 1, 3, and St. 1900, c. 413, § 1, "a location of two tracks on Middlesex Fells Parkway in the reserved space between the two roadways, and that all formalities were complied with. The grant to the defendant's predecessors was of a location for two tracks, setting forth the limits at either end and the side lines thereof, and in the eighth clause the grant specifically defined the word 'location' as follows: 'The word "location" shall be taken to mean herein any grass or reserved spaces within the location lies [*sic*] between roadways [*sic*] to a width not exceeding thirty two feet . . . .' The injury to the plaintiff was caused by her being struck by a street car operating on the tracks referred to in the above grant at a time when the plaintiff was between the rails of the track and was on her way from school to her home."

The duty owed by the defendant to a trespasser was to refrain from injuring him by wilful, wanton or reckless conduct. *Santora* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 464, 466. *Martin* v. *Union Street Rail-*

*way*, 277 Mass. 369, 371. No greater duty was owed by the defendant to the plaintiff if she was merely a licensee. *Crowell* v. *Boston Elevated Railway*, 234 Mass. 393, 396. *Herman* v. *Boston Elevated Railway*, 275 Mass. 485, 487.

The report does not show that the plaintiff was in any more favorable position than that of a licensee. It is apparent from the agreement of the parties with reference to St. 1894, c. 288, that the Middlesex Fells Parkway was a "roadway or boulevard." See *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, 396. The plaintiff when struck by the defendant's car was on the defendant's location in said "roadway or boulevard" for a purpose which was wholly unrelated to the business of the defendant. This case, therefore, is unlike the Van Poppel case where there was evidence that the plaintiff's intestate in that case was killed on the same defendant's location on the Middlesex Fells Parkway near Fulton Street immediately after having alighted from a car operated by the defendant, and consequently it could have been found that such intestate was in a more favorable position than that of licensee as against the defendant. The plaintiff in the present case, however, was at most a licensee unless she had the rights of a traveller on a public way, a matter which depends on the nature of the defendant's location.

According to the agreement of the parties the board of park commissioners granted the location to the defendant's predecessors and "all formalities were complied with," and this location was "in the reserved space between the two roadways." The board had general authority under St. 1900, c. 413, "to grant locations . . . to street railways within the roads, boulevards, parks and reservations in its care and control." § 1. And since the Middlesex Fells Parkway was a "roadway or boulevard," under St. 1894, c. 288, § 3 (see now G. L. [Ter. Ed.] c. 92, § 35) the board had "such rights and powers in regard to the same as, in general, counties, cities and towns have over public ways under their control," which include the power and right under St. 1894, c. 324, § 1 (see now G. L. [Ter. Ed.]

c. 82, § 34, as amended by St. 1935, c. 309), to "reserve between the side lines thereof . . . special space for the use of street railways." The authority of the board to reserve space for the use of the defendant's street railway was ample. See *Gleason* v. *Metropolitan District Commission*, 270 Mass. 377, 379. Though the terms of the grant of the location are not set out in the report in full, the definition of "location" in the grant which is set out in the report, and the agreement of the parties that the location granted to the defendant is "in the reserved space between the two roadways," naturally import that the defendant's location was "a special or reserved space set apart" for its use under statutory authority and "distinguished from the remainder of the . . . ["roadway or boulevard"] which was open to the use of the general public." *Crowell* v. *Boston Elevated Railway*, 234 Mass. 393, 396. See also *Treen* v. *Boston Elevated Railway*, 253 Mass. 605. In *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, it was unnecessary to decide whether the defendant's location in the Middlesex Fells Parkway was a "special space" reserved for use of the defendant's street railway, but that case is not an authority to the contrary. See page 397. In the absence of special circumstances, a pedestrian crossing such a reserved space for a purpose unrelated to the business of the street railway does not have the rights of a traveller on a public way, but at most is a licensee. *Crowell* v. *Boston Elevated Railway*, 234 Mass. 393. *Treen* v. *Boston Elevated Railway*, 253 Mass. 605. *Fernald* v. *Boston Elevated Railway*, 260 Mass. 78. *LaBelle* v. *Boston Elevated Railway*, 265 Mass. 482. *Herman* v. *Boston Elevated Railway*, 275 Mass. 485, 487.

No special circumstances are shown taking this case out of the usual rule. No facts are set forth in the report tending to show that there was an established crosswalk at the place where the plaintiff attempted to cross the defendant's location or that the defendant invited or induced the plaintiff to cross at that place or, "with full knowledge of the facts, had acquiesced in and assented to the use . . . by the public" of that part of its location for the purpose of

such crossing. Compare *Welch* v. *Boston Elevated Railway*, 226 Mass. 87, 90–91. See *LaBelle* v. *Boston Elevated Railway*, 265 Mass. 482, 484–486.

*Order dismissing report affirmed.*