Pettingell, J.
The plaintiff received personal injuries in a collision between his automobile and that of the defendant. At the time of the collision both automobiles were on Memorial Drive, Cambridge, from which commercial vehicles are excluded by a rule of the Metropolitan District Commission. The plaintiff’s automobile was a commercial vehicle. The trial judge ruled that “The presence of the plaintiff’s truck on Memorial Drive constituted a trespass and the burden of proof was on the plaintiff to show that the defendant was guilty of wilful or wanton misconduct,” and found for the defendant.
The sole issue in the case is whether the presence on Memorial Drive of a commercial vehicle in violation of the rule excluding such vehicles, makes that vehicle a trespasser upon the way, and bars its operator from recovery for injuries caused by negligence. No question has been raised regarding the authority of the Metropolitan District Commission to make such a rule, or as to its reasonableness. The only question is the effect of the regulation upon the *164 status of a vehicle driven there in violation of it, and upon the right of its driver to recover.
Memorial Drive is not a public way. Burke v. Metropolitan District Commission, 262 Mass. 70, at 72, 73, 74; see, also, Jones v. Boston, 201 Mass. 267; Gero v. Metropolitan Park Commissioners, 232 Mass. 389, at 392; Dakin v. Somerville, 262 Mass. 514, at 515, 516. It is wholly within the jurisdiction of the Metropolitan District Commission, which has authority under G. L. (Ter. Ed.) C. 92, Section 35, to maintain roads and boulevards, and, under Section 37, to make rules and regulations “for the government and use of the reservations or boulevards.” In 1903, it was held that a regulation excluding horse drawn commercial vehicles from the Revere Beach Parkway was lawful. Brodbine v. Inhabitants of Revere, 182 Mass. 598, at 599-603. It has also been held that automobiles may be wholly forbidden to use certain ways; Commonwealth v. Kingsbury, 199 Mass. 542; and that certain types of automobiles may be excluded from highways, Commonwealth v. Boston & Maine Transportation Company, 282 Mass. 345, at 348.
The plaintiff argues that the regulation in issue is not one intended to promote safety of operation but one planned to increase the aesthetic value of the parkway and therefore to give greater pleasure to those who use it, for which reasons the regulation should be interpreted independently of its relation to control of traffic and safety of operation;; and that, following such an interpretation, the presence of the plaintiff’s vehicle could be found to be a condition and! not a cause of the injury.
We have, however, no way of knowing what purpose the-District Commission had in mind in creating the regulation.. It had no power to make such a rule for aesthetic reasons, alone, Commonwealth v. Boston Advertising Co., 188 Mass. 348; although if “the primary and substantive purpose of the legislation is such, as justifies, the act,, considerations of *165 taste and beauty may enter in, as auxiliary,” Welch v. Swasey, 193 Mass. 364, at 375. In making such a regulation “The Commissioners are within their rights if they take reasonable measures to promote the safety of travellers upon the parkways in their charge,” Burke v. Metropolitan District Commission, 262 Mass. 70, at 80. In that case it appears, at page 77, “At times automobile traffic on Memorial Drive is very dense, proceeding in four lanes, and the Commissioners desire to maintain thereon a free flow of traffic with as little interruption as possible. ’ ’ Some such purpose may have actuated them in making this regulation. The presence of commercial vehicles in addition to the permitted traffic might so increase the traffic load as to involve safety of operation. Or, the Commission may have had in mind the construction of the roadway and may have intended to 1 ‘ employ reasonable means to prevent wear and to ameliorate the hazards due to size and weight of loads. ’ ’ Commonwealth v. Boston & Maine Transportation Co., 282 Mass. 345, at 348. There is nothing to show what the purpose of the Commissioners was in making the regulation, and we have no right to read into it any particular purpose or intent. Nor do we think their purpose or intent is of importance. The regulation speaks for itself.
Most cases in which automobiles are held to be trespassers upon the highway, turn upon some failure to obey the law as to registration, Conroy v. Mather, 217 Mass. 91, at 94; Kilduff v. Boston Elevated Railway, 247 Mass. 452; Bacon v. Boston Elevated Railway, 256 Mass. 30, at 32; Balian v. Ogasin, 277 Mass. 525, at 534; Roselli v. Riseman, 280 Mass. 338, at 339; Furtado v. Humphrey, 284 Mass. 570, at 573; 574; Di Cecca v. Bucci, 278 Mass. 15, at 16. The Massachusetts doctrine which penalizes such breaches by declaring the automobile an outlaw is called far fetched, harsh and unreasonable in other jurisdictions.
*166 Here, however, we have a direct prohibition of the presence of the offending vehicle. An entry upon private land where one is forbidden to enter by a notice posted thereon is a trespass. G. L. (Ter. Ed.) C. 266, Section 120. In the instant case we have a situation in which the plaintiff entered territory with his vehicle, despite a sign notifying him that his vehicle was excluded. This is no technical trespass but one of actuality.
Violation of such parkway regulations by pedestrians have been held to change their status. Recovery has been denied in cases where pedestrians have been injured by street railway cars in special spaces in parkways reserved for the use of the street railways, Crowell v. Boston Elevated Ry., 234 Mass. 393, at 396; Von Poppel v. Boston Elevated Ry., 258 Mass. 389, at 396; LaBelle v. Boston Elevated Ry., 265 Mass. 482, at 484, 486; it being held that there can be recovery in such cases only where there is wanton or reckless conduct on the part of the defendant. Treen v. Boston Elevated Ry., 253 Mass. 605; Fernald v. Boston Elevated Ry., 260 Mass. 78, at 80; Herman v. Boston Elevated Ry., 275 Mass. 485, at 487.
We see no difference between the case at bar and Widronak v. Lord, 269 Mass. 238, at 240 (driving the wrong-way on a one way street); and the coasting cases in which the plaintiff acts in violation of an ordinance forbidding coasting. Boyd v. Ellison, 248 Mass. 250; Labay v. Leiken, 252 Mass. 579; Query v. Howe, 273 Mass. 92, at 96. In these latter cases, the act in defiance of the ordinance is the proximate cause of the injury and not a condition. The fact that the legislature, after the decision in Widronak v. Lord, supra, changed the law as to the effect of operation on one way streets does not affect the result in the present case.
There was no prejudicial error in the disposition of the plaintiff’s requested rulings, which it is not necessary to *167 discuss in detail, or in the ruling that the plaintiff could not recover in the absence of proof of “wilful or wanton misconduct.” The report is to be dismissed.