RICHARD HARVEY SEARS, administrator, *vs.* BOSTON ELE-
VATED RAILWAY COMPANY.

Norfolk.     February 3, 1943. — February 24, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Way*, Public: reserved space. *Street Railway*, Reserved space.     *Statute*,
Retroactive.

A street railway company's admission that a way on which a pedestrian
was struck in 1937 by one of its cars was a public way did not preclude
it from proving that the place of the accident was within a portion of
the way reserved for its railway under G. L. (Ter. Ed.) c. 82, § 34, as
amended by St. 1935, c. 309.

The amendment of § 34 of G. L. (Ter. Ed.) c. 82 by St. 1941, c. 533, pro-
viding in substance that any pedestrian injured by a street railway car
within or upon a part of a public way reserved for the railway shall have
the rights of a traveller on the way, did not apply to events that had
occurred before its enactment.

TORT.     Writ in the Superior Court dated July 6, 1938.

The action was tried before *Williams*, J.

*D. D. Leahy*, for the plaintiff.

*S. P. Sears*, for the defendant.

RONAN, J.     This is an action of tort to recover for the
death and conscious suffering of the plaintiff's intestate,
resulting from an accident which occurred on September
28, 1937, when he was struck by one of the defendant's
cars as he was crossing Beacon Street, a public highway in
Brookline.     The answer was a general denial and an alle-
gation of lack of due care of the intestate.     The plaintiff
waived counts for wanton and reckless conduct of the de-
fendant.     The jury returned verdicts for the plaintiff upon
counts based upon the negligence of the defendant but the
judge, under leave reserved, and subject to the exceptions
of the plaintiff, ordered the entry of verdicts for the defend-
ant.     The judge then reported the case to this court with
the stipulation that if his ruling admitting evidence proving
that the place where the accident occurred was duly re-

served for the exclusive use of the defendant was correct then judgments were to be entered for the defendant, otherwise, judgments were to be entered in accordance with the verdicts returned by the jury.

The defendant did not within the time prescribed by G. L. (Ter. Ed.) c. 231, § 30, make any special demand upon the plaintiff to prove that the site of the accident was located within a public way, and the plaintiff contends that the defendant was thereby barred from proving that the place where the intestate was injured was situated upon a reservation which had been set apart by the proper authorities acting under G. L. (Ter. Ed.) c. 82, § 34, as a space for the operation of street railway cars. The failure of the defendant to make a demand according to said § 30 would doubtless bar it from contesting the allegation of the declaration that the intestate was injured upon a public way. *Cabana* v. *Holyoke Conclave*, 160 Mass. 1. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30. *Hirrel* v. *Lacey*, 274 Mass. 431. *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271. But the defendant never denied that the accident occurred upon a public way, and the evidence that it introduced in reference to the locus was based upon the assumption that it was within the limits of a public way, and it sought to show also that the locus was within a portion of the way the use of which, in so far as traffic was concerned, was restricted to the operation of street railway cars. The establishment of such a reservation was the means employed to regulate traffic upon the way. The use of the reservation limited to the operation of street railway cars was not inconsistent with the purposes for which the way was laid out and constructed, and the setting apart of a portion of the way for this particular but common method of travel did not impose any additional servitude upon the way. The portion of the street occupied by the reservation continued as a part of the way. *Eustis* v. *Milton Street Railway*, 183 Mass. 586. *Farrington* v. *Boston Elevated Railway*, 202 Mass. 315. The plaintiff misconceives the purpose for which the evidence was admitted. The evidence was confined to proving that the locus was set apart exclu-

sively for the use of the defendant's cars as a step in showing the status of the intestate at the time he was struck by one of the defendant's cars and, consequently, the degree of care that the law imposed upon it to avoid injuring one in his situation on the public way. At the time of the accident, the intestate did not have the usual rights of a pedestrian while he was travelling across the reservation. The statute then in effect, G. L. (Ter. Ed.) c. 82, § 34, as amended by St. 1935, c. 309, conferred such rights on those who were using the reservation with the intention of becoming passengers or were using it after alighting from a car for the purpose of reaching some other part of the public way. It was not until the enactment of St. 1941, c. 533, that pedestrians in general who were injured by street railway cars upon a reservation could have the rights of a traveller on the highway. This last statute imposes a heavier obligation upon the defendant, and for the first time requires a street railway company to exercise reasonable care to avoid injury by one of its cars to a pedestrian upon the reservation who is not upon the reservation for the purpose of entering or after leaving one of its cars. The statute effects a change in the substantive law and comes within the general rule that statutes of that character do not apply to events that have occurred prior to their enactment. *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448. *Rosenthal* v. *Liss,* 269 Mass. 373. *O'Donnell* v. *Registrar of Motor Vehicles,* 283 Mass. 375. *Ziccardi's Case,* 287 Mass. 588. *Campbell* v. *Boston,* 290 Mass. 427. *Pittsley* v. *David,* 298 Mass. 552.

There was no error in permitting the defendant to show that the plaintiff's intestate was injured while travelling across a portion of the public way reserved for the operation of street railway cars, and in the absence of any evidence of wanton and reckless misconduct of the defendant verdicts were properly ordered to be entered for the defendant. *Crowell* v. *Boston Elevated Railway,* 234 Mass. 393. *Treen* v. *Boston Elevated Railway,* 253 Mass. 605. *Van Poppel* v. *Boston Elevated Railway,* 258 Mass. 389. *Fernald* v. *Boston Elevated Railway,* 260 Mass. 78. *LaBelle* v. *Boston Elevated*

*Railway,* 265 Mass. 482.    *Herman* v. *Boston Elevated Railway,* 275 Mass. 485.    *Pritchard* v. *Boston Elevated Railway,* 296 Mass. 197.

*Judgments for the defendant.*