CHRISTOPHER HUDSON'S CASE.

Suffolk. January 16, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Review of weekly payments, Procedure: requests for findings and rulings.

No question of law is raised by a refusal of the Industrial Accident Board to grant a request for a finding of fact.

A finding of the Industrial Accident Board, upon a claim for review of weekly payments under the workmen's compensation act, that the employee was able to earn an average weekly wage equal to what he was able to earn at the time of his injury, cannot be reviewed.

The Industrial Accident Board properly may refuse to grant requests for rulings which assume as true facts which they do not find to be true.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of three decisions, with accompanying papers, of the Industrial Accident Board, dated April 15, 1921, September 28, 1921, and September 30, 1922, respectively rendered upon three successive applications for reviews of weekly payments previously made to Christopher Hudson, who, on March 14, 1918, received personal injuries arising out of and in the course of his employment by Atwood McManus Box Company.

It appeared that the employee "returned to work in October, 1918, and worked from that time until November 8, 1920, when he was laid off; that he was paid compensation from ten days after the injury to October 23, 1918, when he first returned to work, 'at the total rate'; that after that he was paid partial compensation because he had to leave his work one or two days a week for a short while to be treated at the hospital and, when he stopped, he went on full pay and no compensation was paid; that subsequently the employee's pay was increased and in November, 1920, he was receiving $10 a week more than he had been receiving at the time of his injury." Other material facts are described in the opinion.

At the last hearing before the Industrial Accident Board, the employee presented the following "request for rulings."

"1. On all the evidence the employee is entitled to recover compensation under the compensation act.

"2. On all the evidence the employee is totally incapacitated within the meaning of the act, and is therefore entitled to recover compensation under the act.

"3. On all the evidence the employee is partially incapacitated within the meaning of the act, and is therefore entitled to recover compensation under the act.

"4. That the employee returned to work to his former place of employment, where he had been injured, suffering with a partial incapacity as a result of the said injury and is restricted in his efforts to perform the said work in the same manner as he did before the said injury occurred and that the employee was discharged because of insufficient work and attempts to secure, without success, other work of the same nature as he performed on his return to work, or any work in the nature of

his calling as a laborer, of which he performed before the injury, but because of the said injury, he (employee) is incapacitated and was prevented from accepting employment because of said incapacity, and that the employee is entitled to be compensated therefor in accordance with the intent and purpose of the act, and within the meaning and finding in the cases of Duprey and Septimo in Bulletin No. 10, pages No. 10 and No. 16 respectively, of cases under workmen's compensation act.

"5. That the employee not being fully convalescent, returned to work at the place of employment where he had received the said injury and is subsequently discharged because of insufficient work and is not able, because of his said incapacity, to accept a position of the same nature as he had worked at before the time of the happening of the said injury or any other work in the nature of his calling as a laborer, and is therefore totally incapacitated within the meaning and purpose of the compensation act, and the cases of Duprey and Septimo above cited, and is therefore entitled to compensation under the compensation act.

"6. The employee, not fully recovered from the said injury, returned to his former place of employment where he had received the said injury, with an apparently permanent partial incapacity which limits and restricts his efforts to certain lines of employment and is discharged from the said place of employment because of insufficient work and is unable to accept other employment of the same nature as he was accustomed to perform before he received the said injury, is partially incapacitated within the meaning and purpose of the act, and in accordance with the cases of Duprey and Septimo, above cited.

"7. The employee not being able to pursue his usual calling as a laborer nor employment consistent with his limited physical ability to perform it, is entitled to compensation under the workmen's compensation act, for whatever loss sustained, within the meaning of the act, resulting from the said injury.

"8. The condition of the labor market at the time employee returned to work, October 14, 1918, after his injury, not being on a competitive basis and the condition of the labor market at the time of the hearing, July 15, 1922, where employment is scarce and competition is keen and where a crippled employee is considered an industrial outcast, is new evidence which should

be noticed judicially and contrary to the finding of the commissioner that the employee's condition was the same as at the last hearing, August 4, 1921."

In the Superior Court, the case was heard by *Wait*, J., by whose order there was entered a decree "that the employee has not demonstrated a case upon all the evidence that he was either partially or totally incapacitated, within the meaning of the workmen's compensation act, at the time the insurer discontinued compensation or at any time since his return to work in October, 1918; that no further compensation is due him from the insurer and that the employee's claim for compensation be dismissed." The employee appealed.

*J. P. Murphy*, for the employee.

*L. C. Doyle*, for the insurer.

CARROLL, J. The employee received an injury to his left elbow, on March 14, 1918, and was paid compensation at the rate of $11 a week, to October 23, 1918, when he returned to work. In January, 1921, it was found that he was capable "of resuming his former occupation from October 23, 1918, . . . notwithstanding the restricted use of his left elbow joint" and that he was not working at this time because of labor conditions. The employee again filed a claim for review, and on August 4, 1921, it was found that no change existed in the situation from that which existed at the previous hearing, and that no compensation was due the employee. In September, 1922, on the third hearing on review, the Industrial Accident Board found that the employee was then able to earn an average weekly wage of $16.50, his earning capacity at the time of the injury. In the Superior Court a decree was entered that no further compensation was due, and the employee's claim was dismissed.

The employee filed certain requests for rulings before the Industrial Accident Board. The first three could not be granted. No question of law is raised by these requests. It was a question of fact, whether the employee was totally incapacitated within the meaning of the workmen's compensation act. The finding of the board on this question cannot be reviewed. The fourth, fifth, sixth and seventh requests were refused properly, because the Industrial Accident Board found the facts to be different from those set forth in the requests. The board found that the

employee was capable of earning the same wages he earned when he was injured, and that his loss of employment was due to labor conditions and was not caused by the injury to his elbow. The eighth request was refused properly. The evidence is reported and on the facts found by the Industrial Accident Board, the employee has not made out a case. There was no error of law in the decision.

*Decree affirmed..*