## GUSSIE BRODE'S CASE.

Suffolk. January 13, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Decision by single member of Industrial Accident Board, Law of the case.

A single member of the Industrial Accident Board, hearing a petition by an insurer for discontinuance of compensation being paid to an injured employee, filed the following decision: "This employee received an injury to her right hand resulting in fractures of the four fingers. There is a permanent stiffness of the terminal phalange of the middle finger . . . Although the employee testified that she could not do the work of operating a press, I see no reason from my examination of the hand why she should not be able to do this work. . . . she certainly should be able to go out in spite of her injury and earn at least . . . her wages at the time of the injury. On all the evidence, I find that the employee is able to do her former work, if she cares to apply herself, and the application of the insurer to discontinue compensation payments is granted.

. . . The employee is entitled to specific compensation for a period of twelve weeks . . . ." No rights were reserved under G. L. c. 152, § 12, and no claim of review was filed. *Held*, that

(1) The decision was a final determination that all incapacity was ended, that the employee was able to work, and that she was no longer prevented from engaging in her employment by reason of her injury;

(2) No rights being reserved nor claim of review filed, the decision became the law of the case;

(3) There was no further jurisdiction either in the Industrial Accident Board or in the Superior Court to order payment of further compensation.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant after former proceedings described in the opinion.

The full opinion of the single member of the board, filed on September 28, 1923, and referred to in the opinion, in which no rights were reserved to the parties and of which no review was claimed, was as follows:

"This employee received an injury to her right hand resulting in fractures of the four fingers. There is a permanent stiffness of the terminal phalange of the middle finger. Outside of that, her hand is in fairly good condition after such an injury. Although the employee testified that she could not do the work of operating a press I see no reason from my examination of the hand why she should not be able to do this work. If she does not care to go back to the same employment, she certainly should be able to go out in spite of her injury and earn at least $9.50 a week, which were her wages at the time of the injury.

"On all the evidence, I find that the employee is able to do her former work, if she cares to apply herself, and the application of the insurer to discontinue compensation payments is granted as of date of filing of this decision, September 28, 1923.

"The employee is entitled to specific compensation for a period of twelve weeks for the loss of use of the terminal phalange of her right middle finger, at the rate of $6.33 a week."

Later proceedings in the Industrial Accident Board and material facts appearing upon the record are described in the opinion. In the Superior Court, the case was heard by

*O'Connell,* J., by whose order a decree was entered awarding compensation. The insurer appealed.

The case was submitted on briefs.

*L. C. Doyle,* for the insurer.

*J. B. Cowett,* for the employee.

CARROLL, J. This is a proceeding under the workman's compensation act. The employee was injured August 23, 1922, her hand being caught in a press. Four of her fingers were fractured. She was paid compensation at the rate of $7 a week. In September, 1923, at the request of the insurer to discontinue payments, there was a hearing before a member of the Industrial Accident Board. It was decided at this hearing that she was able to do her former work, and, if unwilling to return to the same employment, she was able to earn the same amount of wages elsewhere. "On all the evidence, I find that the employee is able to do her former work, if she cares to apply herself, and the application of the insurer to discontinue compensation payments is granted as of date of filing of this decision, September 28, 1923." By this decision, specific compensation for the period of twelve weeks, for the loss of the use of the "terminal phalange of her right middle finger" was ordered. No claim for review was filed.

In January, 1924, a hearing was held before another member of the Industrial Accident Board. He found that the employee was entitled to compensation from September 28, 1923, to November 1, 1923, the rights of the parties being reserved under G. L. c. 152, § 12. No claim for review was filed.

In March, 1924, there was another hearing before a third member of the board. It was decided that compensation was due the employee from January 15, 1924, partial compensation to continue in accordance with the provisions of the act. On review, this finding of the single member was affirmed. A decree was entered in the Superior Court for the employee, and the insurer appealed.

If the finding of the member at the hearing in September, 1923, amounted to a decision that all incapacity to labor, total and partial, had ceased at that time, no claim for review having been filed, and the rights of the parties not having

been reserved under G. L. c. 152, § 12, the parties are bound by the decision. It is final and cannot be subsequently reviewed under the machinery provided in the workman's compensation act. If, on the other hand, that finding did not mean that all compensation was to cease, or that all disability arising from the injury ended on September 28, 1923, then the decision was not final and the rights of the parties were open under the statute, and could be reviewed. G. L. c. 152, § 12. It was said in *Hunnewell's Case*, 220 Mass. 351, 353: "The insurer rightly contends that the finding of the arbitration committee, no review having been requested, bound the parties as to all matters covered by it and that it cannot be reviewed." The finding in that case, however, was not construed to be a final decision ending all payments under the act. A finding by a member of the Industrial Accident Board, from whose decision no review is asked, that the injury arose out of and in the course of the employment, is final. The question having been settled, it cannot be reviewed by another member of the board. *Hurley's Case*, 235 Mass. 387. See *Kareske's Case*, 250 Mass. 220. *Frizzi's Case*, 237 Mass. 460. The question now under consideration was not discussed or considered in *Hudson's Case*, 244 Mass. 330.

If the single member found that all incapacity was at an end in September, 1923, as no claim for review was requested the decision stands like any other finding of fact, and is conclusive upon the parties, unless reviewed by the board. When the employee came before the single member in 1923, at the hearing on the petition of the insurer to discontinue compensation payments, the member found that there was a "permanent stiffness of the terminal phalange of the middle finger," (for which, as we construe the finding, specific compensation was ordered to be paid); that "Outside of that, her hand is in fairly good condition after such an injury"; that although the employee testified she was unable to operate the press, no reason was shown indicating her inability to do this work; that she was able to earn the amount of her former wages at other work; and, finally, that, "On all the evidence . . . the employee is able to do her former

work, if she cares to apply herself." The application to discontinue payments was granted without any reservation of the employee's rights under the act. As we construe this decision, it was a final determination that all incapacity was ended, that the employee was able to work, that she was no longer prevented from engaging in her employment by reason of her injury. No claim for review being asked for, the decision must stand. It was the law of the case, and the parties are bound by it.

If the compensation of the employee is ended by the decision of the member of the board, the employee, if he desires, may have the case reviewed by the Industrial Accident Board; and if compensation is discontinued and there is no finding that all incapacity is ended, or if there is such a finding and the rights of the parties are left open under the act, the decision of the member may be reviewed. But when, as in the case at bar, there is a finding that incapacity to labor had ceased, which must be implied from the finding that she was able to do her former work if she cared to apply herself, and there is no request for a review to the full board, and the rights of the parties are not kept open, the decision on this point is final. This question the insurer could argue at the hearing before the Industrial Accident Board. It follows that the decree of the Superior Court must be reversed and a decree entered for the insurer.

*So ordered.*