## Dennis McCarthy's Case.

Suffolk.    November 18, 1925. — November 18, 1925.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Workmen's Compensation Act,* Finality of decision by Industrial Accident
Board as to incapacity, Law of the case.

After a decree by the Industrial Accident Board which neither party cer-
tified to the Superior Court under G. L. c. 152, § 11, and which affirmed
and adopted findings by a single member of the board that the "em-
ployee can work if he cares to apply himself. The insurer therefore
is authorized to discontinue compensation at this time," there is no
jurisdiction either in the Industrial Accident Board or in the Superior
Court to order payment of further compensation. Following *Brode's
Case,* 251 Mass. 414.

After the Industrial Accident Board on April 16, 1924, rendered the de-
cision above described, a single member of the board at the request of the
employee gave a further hearing on the question, whether there was
disability after February 20, 1924, and the single member made detailed
findings of fact and concluded that disability ceased on that date. On
review by the Industrial Accident Board, an order was made that com-
pensation for total disability between February 20 and June 2 be paid,
and the insurer appealed. *Held,* following *Brode's Case,* 251 Mass. 414,
that the decree must be reversed.

Certification to the Superior Court under the provi-
sions of the workmen's compensation act of a decision by the
Industrial Accident Board on July 30, 1924, finding "upon
all the evidence that this employee [by reason of an injury
received while employed by Grossman-Black Potato Com-
pany] was totally incapacitated for work from February 20,
1924, to June 2, 1924, on which latter date total incapacity
for work terminated and that the employee is entitled to
compensation in the sum of $237.71, to June 2, 1924. The
Board reserves the employee's right to partial incapacity
compensation after June 2, 1924."

The record disclosed that on May 10, 1922, the employee
received an injury to his left knee. In accordance with an
agreement approved by the Industrial Accident Board on
June 15, 1922, he was paid a weekly compensation of $16.

On February 8, 1924, a hearing was had before a single member of the board, who found on February 20 "that this employee can work if he cares to apply himself. The insurer therefore is authorized to discontinue compensation at this time." The employee claimed a review by the board who, on April 16, 1924, affirmed and adopted the findings and decision of the single member and authorized the insurer to discontinue compensation as of February 20, 1924. Neither party certified this decision to the Superior Court.

At the request of the employee, who alleged that he still suffered disability as a result of his injury, and that he was entitled to further compensation at that time, another hearing was had before a single member of the board who, from facts reported by him in detail, concluded "that this employee is no longer incapacitated from earning his former wage as a result of his injury. While it is not impossible that he may have some pain, I find that it is not of such a character as to disable him. I further find that so far as affecting his ability to earn wages is concerned, his disability is at an end and has been since February 20, 1924." From this decision by the single member, the employee claimed a review to the full board, who made the decision set out above, which was certified to the Superior Court, where the case was heard by *McLaughlin*, J., and a decree was ordered awarding compensation in accordance with the decision of the board. The insurer appealed.

*W. I. Badger, Jr.*, for the insurer.

No argument nor brief for the claimant.

RUGG, C.J. The principles stated and amplified in *Brode's Case*, 251 Mass. 414, decided since the hearings before the Industrial Accident Board, indubitably and imperatively require the conclusion that the employee is not entitled to compensation on the facts here disclosed. The case at bar is distinguishable from *Hunnewell's Case*, 220 Mass. 351, and *Weir's Case*, 252 Mass. 236.

*Decree reversed.*

*Decree to be entered in favor of insurer.*