### John O'Neil's Case.

Suffolk.    November 17, 1927. — January 9, 1928.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Sanderson, JJ.

*Workmen's Compensation Act*, Appeal, Rehearing, Impartial physician.

Upon a motion in the Superior Court by an employee to remand to the Industrial Accident Board for further hearing a claim by him for further compensation for an injury received on May 2, 1921, it appeared that on October 31, 1921, after a hearing, the Industrial Accident Board on review had affirmed a decree by a single member discontinuing payment of compensation; that there had been no further proceedings as to such decision under G. L. c. 152, § 11; that on July 25, 1923, the employee filed with the board a request that the case be reopened because, since the previous adjudication, he had not been employed in any capacity and the reason for his unemployment and inability to work was his original injury, which had not been alleviated by medical treatment although he had employed physicians and attended hospitals, and which could be remedied and removed only by a major surgical operation, and because he never had had the benefit of an examination by an impartial physician appointed by the board; and that a single member of the board and the board on review had denied the application, ruling that the case, having been finally determined, could not be reopened. The motion in the Superior Court was denied. *Held*, that the denial was proper.

Section 9 of G. L. c. 152 is not mandatory, but is permissive, and, while an impartial physician may be called by a member of the Industrial Accident Board, a failure to call such a physician shows no error of law.

CERTIFICATION under the provisions of the workmen's compensation act of proceedings in relation to a claim by John O'Neil relating to injuries received by him while in the employ of Handschumaker and Company. The proceedings are described in the opinion.

In the Superior Court, the claimant on April 13, 1927, filed the motion, described in the opinion, to remand the case to the Industrial Accident Board. The motion was heard by *Bishop*, J., and was denied. The claimant appealed.

The case was submitted on briefs.

*M. J. Flaherty*, for the claimant.

*W. I. Badger*, for the insurer.

BRALEY, J. The employee, John O'Neil, fractured the large toe of his right foot May 2, 1921, the injury being received in the course of, and arising out of his employment. The insurer paid compensation for total incapacity at a rate based on his average weekly wages to September 27, 1921, when, after a hearing, payment was discontinued with the unqualified approval of the board member, whose decision on review was affirmed by the Industrial Accident Board October 31, 1921. This decision was not certified to the Superior Court. G. L. c. 152, §§ 8, 10, 12, 26, 29. The adjudication of the board on December 31, 1921, therefore, was decisive of the question that the incapacity of the employee for work had ceased. It was the law of the case until vacated or reviewed. *Kareske's Case*, 250 Mass. 220. *McCracken's Case*, 251 Mass. 347, 351. *Brode's Case*, 251 Mass. 414. See *Weir's Case*, 252 Mass. 236. The employee, however, on July 25, 1923, filed a request for the reopening of the case alleging that since the date of the final report of the "Board of Review" he had not been employed in any capacity and that the reason for his unemployment and inability to work was his original injury, which had not been alleviated by medical treatment although he had employed physicians and attended hospitals, and could only be remedied and removed by a major surgical operation. It is also alleged that he never has had the benefit of an examination by an impartial physician appointed by the board. The application was referred to a board member

who heard the parties September 24, 1923, and after stating the nature of the injury, and the original award of compensation, he followed the previous conclusion that the incapacity of the employee ended September 27, 1921, and ruled that the case, having been finally determined, could not be reopened. The ruling of the board member having been affirmed on review, the employee caused the decision to be certified to the Superior Court where a motion was made to remand the case to the Industrial Accident Board for further hearing. The allegations as to the nature and extent of the employee's injuries, and their effect upon his earning capacity had already been heard and decided by a tribunal clothed with authority to act, and in whose rulings no error of law appears for reasons previously stated. While an impartial physician may be called by a member of the board, the statute is not mandatory but permissive, and the failure to call such a physician shows no error of law. G. L. c. 152, § 9.

. *The decree dismissing the claim is affirmed.*