MICHAEL CASIERI'S CASE.

Suffolk.    March 7, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Constitutional Law*, Due process of law.  *Workmen's Compensation Act*,
    Findings by Industrial Accident Board.  *Res Judicata*.

It is not within the power of the General Court to reopen a decision once
    made as final according to existing law by a judicial tribunal or a
    *quasi* judicial board exercising judicial functions, so far as such decision
    affects private rights of property.
The provisions of the paragraph added to § 12 of G. L. c. 152 by St. 1929,
    c. 246, and amended by St. 1932, c. 117, §§ 1, 2, so far as they pur-
    ported to affect a final decision by the Industrial Accident Board,
    made before their effective dates in proceedings under the workmen's
    compensation act, that the employee's incapacity from an injury had
    ceased, were unconstitutional because in violation of the Fourteenth
    Amendment to the Constitution of the United States and of arts. 10,
    30, of the Declaration of Rights of the Constitution of this Common-
    wealth.
An employee, who was injured in June, 1927, was paid compensation
    under the provisions of an agreement, duly approved by the Industrial
    Accident Board, until December, 1927, when, upon application by the
    insurer, leave was given to discontinue.  After a hearing upon an
    application by the employee, who contended that after December, 1927,
    he suffered incapacity resulting from the injury, a board member found,
    in October, 1928, that all disability resulting from the injury terminated
    in December, 1927, and ruled that no further compensation was due
    the employee.  The employee claimed a review and the board, by a
    decision filed in November, 1928, from which no appeal was taken,
    affirmed and adopted the findings and decision of the board member.
    The decision contained no reservation of rights under the act.  There-
    after, on an application by the employee for a rehearing on the ques-
    tion of incapacity, a rehearing was had in 1933 over objection by the
    insurer based on the grounds that the decision of the board in 1928 was
    *res judicata* on that question and that Sts. 1929, c. 246; 1932, c. 117, so
    far as they permitted a rehearing thereof, were unconstitutional.
    Compensation was awarded by a single member, and the award was
    affirmed by the board on review; and in January, 1934, a decree of
    the Superior Court was entered in accordance with such decision.
    The insurer appealed.  *Held*, that
        (1) The decision of the board that all disability was at an end in

December, 1927, was a final decision amounting to a judgment in favor of the insurer, although no decree was entered thereon;

(2) So far as the provisions of Sts. 1929, c. 246; 1932, c. 117, purported to authorize a rehearing respecting that decision, they were unconstitutional;

(3) The decree was ordered reversed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, made on May 26, 1933, affirming findings and a decision by a single member after a rehearing held on January 10, 1933, on the question of disability of the employee subsequent to March 1, 1928, and ordering compensation to be paid.

Before the Industrial Accident Board, the insurer presented and the board denied the following requests for rulings:

"1. That the reviewing board is without jurisdiction in the matter of this rehearing.

"2. That the matter of rehearing in the above case was not properly before the single member, and is not properly before the reviewing board.

"3. That no further compensation can now be ordered or made to the employee upon his petition for rehearing.

"4. That by the decision of the reviewing board filed November 10, 1928, that all incapacity terminated on December 28, 1927, from which no appeal was taken, the matter of further payments to the employee became *res judicata*, and no further payments can now be ordered or made.

"5. That upon the record in this case the employee is entitled to no further payments, and no further payments can be ordered by this board.

"6. That the provisions of St. 1932, c. 117, and of St. 1929, c. 246, authorizing rehearing, are unconstitutional and void both under the Constitution of the United States and under the Constitution of the Commonwealth of Massachusetts."

Material facts appearing in the record certified to the Superior Court are stated in the opinion.

In the Superior Court, the case was heard by *Weed*, J., by whose order a decree was entered directing the payment of compensation in accordance with the decision by the board. The insurer appealed.

*J. P. Sullivan*, (*A. F. Bickford* with him,) for the insurer.
*W. J. McDonald*, (*E. Nutter* with him,) for the claimant.

WAIT, J. This is a proceeding under St. 1932, c. 117, amending G. L. (Ter. Ed.) c. 152, § 12, which seeks further hearings whether the incapacity of the petitioning employee is the result of injury for which he received compensation. The insurer defends on the ground that the statute, at least in the circumstances of this case, is unconstitutional. The material facts are as follows: The employee was injured June 23, 1927. An agreement duly approved was made for payment. Compensation was paid up to December 28, 1927, when, upon application by the insurer, leave was given to discontinue. After a hearing upon an application by the employee, who contended that he had suffered incapacity because of the effects of his injury since December, 1927, a board member, on October 10, 1928, filed a decision: "I am of the opinion that so far as the injury or any effects thereof are concerned all disability, so far as it affects his ability to earn wages is concerned, was at an end in December at the time when he last received compensation. There is therefore no further compensation due him." The employee filed claim for review, on which the reviewing board affirmed and adopted the findings and decision of the single member by decision filed November 10, 1928. No appeal was taken. On a petition for rehearing based on a claim of present incapacity existing since March 1, 1928, a single member heard the parties in January of 1933. The employer and the insurer moved to dismiss, and for answer set up the finding of termination of incapacity, contending that the provisions of Sts. 1929, c. 246; 1932, c. 117, in authorizing such rehearing, were unconstitutional. The single member denied the motion. He found that between the last hearing and August 26, 1929, a condition which totally disabled the employee developed in the leg and foot which had been injured;

and that there was causal relationship between the accident of June 23, 1927, and this condition. He found that total disability began August 26, 1929, and continues. Compensation was ordered at $12.80 per week from August 26, 1929, to continue in accordance with the terms of the act. The insurer filed claim for review. The reviewing board, after hearing, denied requests, affirmed and adopted the findings and decision of the single member and ordered payments to be continued subject to provisions of the act. January 2, 1934, the Superior Court entered a decree in accord. The insurer appeals.

This case differs in an essential respect from *MacKinnon's Case, ante,* 37, in which we affirmed a decree granting compensation for a partial incapacity arising after a cessation of payment upon an agreement for compensation, and held that the Industrial Accident Board under G. L. c. 152, § 12, had authority to order payment for incapacity not provided for in the compensation agreement. Here, more than four years after a decision of the board that no incapacity existed — a decision from which no appeal was taken — the statute of 1932 grants further hearing on the issue of incapacity. In the case before us there had been a definite adjudication that no incapacity longer existed. In the earlier case there was no such adjudication. A statute has been enacted, after an adjudication apparently final at the time it was had, providing that such adjudication shall not be considered as final in fact or as *res judicata* at law. The question is the right of the Legislature so to provide under the Constitution of the United States and of this Commonwealth.

The workmen's compensation act as originally enacted, St. 1911, c. 751, Part III, § 12, provided that any weekly payment under the act might be reviewed by the Industrial Accident Board "and on such review it may be ended, diminished or increased" subject to the maximum and minimum amounts fixed by the act "if the board finds that the condition of the employee warrants such action." The original determination, whether the result of agreement, or of finding by single member or reviewing board, and whether or not embodied in a decree of the Superior

Court (see *Kareske's Case*, 250 Mass. 220) thus was not a final determination of the issue of extent of disability and payment therefor, *Hunnewell's Case*, 220 Mass. 351. It could be reviewed on petition of insurer or of employee. By St. 1914, c. 708, § 11, section 12 was amended by striking out the words "at the request of the association [insurer] or of the employee"; and the power of changing the award was thus somewhat broadened. *Bartoni's Case*, 225 Mass. 349. *Murphy's Case*, 224 Mass. 592. Section 12 was further amended by St. 1917, c. 297, § 8, to permit review by a single member subject to the ordinary review of a single member's decision. In other respects this court held that the determination of issues in the original proceeding was final. *Hurley's Case*, 235 Mass. 387. *Frizzi's Case*, 237 Mass. 460. *Kareske's Case*, 250 Mass. 220. See also *Perkins's Case*, 278 Mass. 294. In *Brode's Case*, 251 Mass. 414, it was decided that a decision of a single member that all incapacity had ceased, from which no review had been claimed and where no rights were reserved, was final so that further application for revision could not be had. Similar decisions were reached in *McCarthy's Case*, 253 Mass. 553, and *O'Neil's Case*, 262 Mass. 266. The latter case was decided in 1928. St. 1929, c. 246, approved as an emergency law April 22, 1929, amended § 12 of G. L. c. 152 by adding the following paragraph: "When in any case before the board there appears of record a finding that the employee is entitled to compensation, no subsequent finding by the board or by a member thereof discontinuing compensation on the ground that the employee's incapacity has ceased shall be considered final as a matter of fact or res judicata as a matter of law, and such employee or his dependents, in the event of his death, may have further hearings as to whether his incapacity or death is or was the result of the injuries for which he received compensation; provided, that if the board shall determine that the petition for such a rehearing is without merit and frivolous, the employee or his dependents shall not thereafter be entitled to file any subsequent petition therefor except for cause shown and in the discretion of the member to whom such

subsequent petition may be referred, and that, in the event
of the death of the employee, such a petition for a rehearing
shall be filed within three months from the time of his
decease and within one year from the date of the finding
terminating his compensation." By St. 1932, c. 117, § 1,
the section was further amended by making the provisions
of St. 1929, c. 246, applicable where compensation has been
paid under an agreement of the parties; and by § 2 where
compensation had been paid or agreement made subsequent
to January 1, 1925. *Brode's Case* was decided in 1925.
The intent of the Legislature is to permit reëxamination
of the question of existing disability due to the original
injury, and modification of payment to meet the situa-
tion found to exist on the reëxamination, both uncon-
trolled by earlier determination that incapacity had wholly
ceased.

Broad as is the power of the Legislature, it cannot re-
open a decision once made as final according to existing
law by a judicial tribunal or a *quasi* judicial board in the
exercise of judicial functions so far as it affects private
rights of property. Although the Industrial Accident Board
is an administrative tribunal and not a court, its decisions
partake of the nature of a court's decisions in their effect
upon private property rights. In accord with the cases
above cited, the decision of the board that all disability
was at an end in December of 1927, was a final decision
amounting to a judgment in favor of the insurer. It is im-
material that no decree was entered. *Kareske's Case*, 250
Mass. 220, 227. The decision made no reservation of rights
under the act. Such a judgment is property. *Springstun*
v. *Springstun*, 131 Wash. 109. *Fuller* v. *Fuller*, 49 R. I. 45.
*Gilman* v. *Tucker*, 128 N. Y. 190. It cannot, constitution-
ally, be taken away without compensation. *Hodges* v. *Sny-
der*, 261 U. S. 600. *McCullough* v. *Virginia*, 172 U. S. 102.
*Hoyt Metal Co.* v. *Atwood*, 289 Fed. Rep. 453. St. 1929,
c. 246, by its terms as amended by St. 1932, c. 117, takes
away that property. Moreover, inasmuch as a decree of
a court might have issued on the board's decision, we think
the principle applicable that a Legislature cannot grant a

review or rehearing of the judgment or decree of a court where none is provided at the time of the decision.

In speaking of a statute which declared to be superseded a decree of this court confirming a report in a grade crossing proceeding, the justices said: "The final decree . . . was a judgment of a court. The Legislature cannot exercise judicial powers. That is prohibited by the clear words of art. 30 of the Declaration of Rights of our Constitution. Any legislative attempt to that end would be a nullity. Manifestly it is the exercise of judicial power to grant a new trial or a rehearing in a cause in the courts, or to declare ineffective or to reverse, annul, change, modify or affect the judgment of a court." *Opinion of the Justices*, 234 Mass. 612, 621. See also *Bigelow* v. *Bemis*, 2 Allen, 496; *Arnold & Murdock Co.* v. *Industrial Commission*, 314 Ill. 251. We need not multiply citations.

We find nothing in *Ahmed's Case*, 278 Mass. 180, cited by the employee, which controls what is here said. The statutes questioned pass beyond the line of legislation with regard to procedure, and, so far as retroactive, must be held to be inoperative. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1.

The requests denied need not be discussed in detail. In substance they should have been given. It follows that the decree must be reversed. It is in violation of the Fourteenth Amendment to the Constitution of the United States and of arts. 10 and 30 of the Declaration of Rights of the Constitution of this Commonwealth.

Decree must enter for the insurer.

*So ordered.*