## JOSEPH ZICCARDI'S CASE.

Suffolk.    May 14, 17, 1934. — September 12, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Final decision by Industrial Accident Board. *Constitutional Law*, Due process of law, Separation of powers of government.

The provisions of the paragraph added to § 12 of G. L. c. 152 by St. 1929, c. 246, and amended by St. 1932, c. 117, §§ 1, 2, so far as they purported to affect a final decision by the Industrial Accident Board, made before their effective dates in proceedings under the workmen's compensation act, that the employee's incapacity from an injury had ceased, were unconstitutional because in violation of the Fourteenth Amendment to the Constitution of the United States and of arts. 10, 30, of the Declaration of Rights of the Constitution of this Commonwealth. *Brode's Case*, 251 Mass. 414, and *Casieri's Case*, 286 Mass. 50, reaffirmed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

The case was heard by *Weed*, J. Material facts are stated in the opinion. The judge reported the case for determination by this court.

*L. C. Doyle*, for the insurer.

*C. W. Lavers*, for the claimant.

RUGG, C.J. This is a proceeding under the workmen's compensation act. The employee invokes St. 1932, c. 117, amending G. L. (Ter. Ed.) c. 152, § 12. The pertinent facts are that the employee on June 21, 1924, sustained a personal injury arising out of and in the course of his employment. Under an agreement he was paid compensation to March 12, 1925, when it was discontinued by order of the board. He filed claim for compensation in April, 1925. It was found by the single member that his condition had no causal relation to his injury. That decision was affirmed by the board on review in August, 1925, and no appeal was taken. The case was heard again in December, 1925, by

the single member who ruled that under the decision of August, 1925, the rights of the employee had terminated. That decision was affirmed on review and no appeal was taken. The case was heard again in June, 1933, under St. 1932, c. 117. It comes before us on report as to the constitutionality of that statute.

In *Brode's Case*, 251 Mass. 414, it was adjudged that a finding by a single member of the board to the effect that, although there had been payments made to an employee by way of compensation for injuries arising out of and in the course of her employment, all incapacity therefrom had come to an end, and that the payments should therefore be discontinued without any reservation of further rights under the act, was a final determination, that the rights are not kept open and that the employee could not thereafter obtain further payments under the act. The same principle applies to a finding on review by the Industrial Accident Board. That decision was followed and affirmed in *McCarthy's Case*, 253 Mass. 553, and *O'Neil's Case*, 262 Mass. 266. Thus the act provided for a finding final in its nature that the employee was no longer suffering any incapacity from his injury, that payments to him should stop and the insurer be free from further liability. Under the authority of these decisions the employee's right to further compensation under the workmen's compensation act has come to an end in the case at bar. The contrary has not been contended. The act was changed in this particular by St. 1929, c. 246, (G. L. [Ter. Ed.] c. 152, § 12,) so that such finding that incapacity had ceased should not be considered final and that further hearings might be had and further compensation awarded. There was no retroactive provision in that statute. Therefore the employee acquired no rights under it. *Hanscom v. Malden & Melrose Gas Light Co.* 220 Mass. 1. St. 1932, c. 117, further amended § 12 of the act in respect to the paragraph added by St. 1929, c. 246, in a matter not material, and provided in § 2 of said c. 117 that that chapter "shall apply to cases wherein compensation has been paid . . . subsequent to January first, nineteen hundred and twenty-

five." By *Casieri's Case,* 286 Mass. 50, decided since the report was made in the case at bar, it was held upon mature deliberation that St. 1932, c. 117, § 2, in so far as it undertook to authorize the reopening of cases finally determined, according to the principle of *Brode's Case,* 251 Mass. 414, before its enactment, took away a property right secured to the insurer by the Constitution and therefore was violative of its constitutional rights and could not be enforced. Clearly under these decisions the employee cannot maintain his petition for further compensation.

It has been urged in behalf of the employee that *Brode's Case,* 251 Mass. 414, was decided wrongly and ought to be overruled. That contention cannot be upheld. The judgment of the court in that case was written by the late Mr. Justice Carroll. He was the first chairman of the Industrial Accident Board and brought to its administration sympathetic wisdom of a high order. The strength of the reasoning in the opinion in *Brode's Case* is its own best support. It needs no sustaining amplification.

An argument has been presented in behalf of the employee to the effect that *Casieri's Case,* 286 Mass. 50, ought to be overruled. That is a recent decision. If it was wrong, now is the time to correct it. The grounds on which it rests have been reëxamined with care and in the light of the employee's argument. Special reliance in that argument is placed on *Danforth* v. *Groton Water Co.* 178 Mass. 472, as inconsistent with grounds of the decision in *Casieri's Case.* That was a petition for the assessment of property damages arising from the taking of water rights by eminent domain. The time for bringing the petition was limited to one year from the taking. By mistake in procedure the petitioner failed to apply first to the county commissioners and while the petition was still pending, although after the expiration of one year from the time of the taking, a statute was enacted providing that no such petition should be dismissed solely on the ground that no previous application had been made to the county commissioners. The statute was upheld on the ground that manifest equities springing from the exercise of emi-

nent domain were so strongly in favor of the petitioner, otherwise utterly remediless for the injury done him by seizing his property, that an enactment to the effect that "parties having a case in court shall not be turned out for neglect of what under the circumstances was a naked and useless form" might be said to violate no constitutional right. In refusing to follow the decision in *Danforth* v. *Groton Water Co.*, the learned Chief Justice, who wrote that opinion, speaking for the court in *Woodward* v. *Central Vermont Railway*, 180 Mass. 599, 603, said concerning it that it rested upon "somewhat swampy ground." Again he said, speaking for the court in *Dunbar* v. *Boston & Providence Railroad*, 181 Mass. 383, 386, that it was "enough to say that the constitutional provisions allow a certain limited degree of latitude in dealing with cases where remedies have been extinguished by lapse of time when the seeming infraction of right is not very great and when justice requires relief." Those decisions afford no support for the contention of the employee. He has suffered from no mistake in practice. He followed correct forms of procedure. He received compensation under the workmen's compensation act. It was decided by a tribunal having full authority in the premises that his rights under that act were absolutely ended. A statute enacted more than six years later purports to afford him new rights in the guise of reopening that decision. Manifestly that is an attempt to take property from the insurer. This statute is not an attempt to modify the statute of limitations. It undertakes to change substantive rights finally settled long ago by an administrative tribunal of competent jurisdiction. There is nothing in decisions cited from other jurisdictions calling for discussion.

It is not necessary to say more than that the grounds of decision stated in the opinion in *Casieri's Case* in our opinion are sound, are sufficiently elaborated and are not shaken by the present argument. It follows that in accordance with the terms of the report decree is to be entered dismissing the employee's claim for compensation.

*So ordered.*