JOHN ROCHA'S CASE.

Bristol.    October 25, 1937. — March 30, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act,* Finding by single member, Reviewing
   board, Industrial Accident Board, Recommittal by reviewing board,
   Jurisdiction of Superior Court, Appeal.

A finding by a single member of the Industrial Accident Board that the
   employer was not insured under the workmen's compensation act at
   the time of an injury to the employee was final unless reviewed as
   provided by § 8 or § 8A of G. L. (Ter. Ed.) c. 152.
Except as provided by G. L. (Ter. Ed.) c. 152, §§ 8, 8A, a reviewing
   board had no power directly to review a finding of a single member
   that an insurer was not on the risk when the employee was injured,
   or to remand the claim to another single member for further hearing
   on that question.
On review of a finding made by a single member of the Industrial Acci-
   dent Board at variance with a finding made by another member more
   than four years before, as to which no review had been sought, that
   no insurer was on the risk at the time of an injury to the employee,
   the reviewing board and the Superior Court were bound by the earlier
   finding and rightly dismissed the claim.
Appeal lay under G. L. (Ter. Ed.) c. 152, § 11, from a decree of the
   Superior Court based at least in part on a decision of a reviewing
   board made upon a proper claim for review of a single member's
   finding, even if also based upon a previous finding by another single
   member as to which no review had been claimed.
By G. L. (Ter. Ed.) c. 152, § 11, no appeal lay from a decree of the Su-
   perior Court entered on certification of a decision of a single member
   of the Industrial Accident Board from which no review had been
   claimed.

CERTIFICATION to the Superior Court in proceedings
under the workmen's compensation act.

By order of *Dowd,* J., two final decrees were entered, each
dismissing the employee's claim as against a particular insur-
ance company.    The employee appealed from both decrees.

The case was submitted on briefs.

*H. E. Clarkin* & *J. T. Farrell,* for the employee.

*J. F. Cavanagh,* for General Accident Fire and Life Assur-
ance Corporation, Ltd.

FIELD, J. This case arises under the workmen's compensation law. G. L. (Ter. Ed.) c. 152. The claimant, an employee of the Velveray Corporation of America, filed a claim for compensation on July 18, 1932. A single member of the Industrial Accident Board filed a decision on October 5, 1932, in which he found that the "employee received an injury at 10:30 A.M. on March 7, 1932," and that the "General Accident Fire and Life Assurance Corp. ceased to cover the employer at 12:01 A.M. on March 7, 1932, and . . . the Globe Indemnity Co. did not go on the risk until 12 noon on March 7, 1932," and dismissed the claim of the employee "because of lack of jurisdiction." No claim for review was filed by any party under G. L. (Ter. Ed.) c. 152, § 8. Nor did the employee within the two years allowed therefor petition the Superior Court under § 8A for leave to claim such review. The employer, however, petitioned for such leave, but the petition was dismissed, upon the demurrer of the General Accident Fire and Life Assurance Corporation, Ltd., on the ground that the employer was not a "party," within the meaning of § 8A, entitled to bring such a petition.

On December 18, 1936, over the objection and exception of both insurance companies, a hearing was had before a single member, other than the member who made the previous decision. This member filed a decision on January 9, 1937, in which he recited that the case had been referred to him "for hearing on the merits" and ruled as follows: "Although the employee has the burden of proving all the essentials to establish his claim, including proof of the fact that the employer was an insured person under the act, I rule that a failure to show such coverage precludes the exercise of jurisdiction but is not fatal bar to a claim if at some future date jurisdiction can in fact be shown. I rule that the dismissal of the claim upon the sole ground that the member was without jurisdiction to decide the case on the merits is not a determination of the claim upon its merits." This member found that the employee was totally incapacitated as a result of the injury from March 7, 1932, to April 24, 1932, ordered the General Accident Fire and

Life Assurance Corporation, Ltd., to pay compensation to him and dismissed the claim against the Globe Indemnity Company. The General Accident Fire and Life Assurance Corporation, Ltd., claimed a review. The reviewing board, after a hearing, filed a decision on May 6, 1937, incorporating therein the report of the single member, corrected in one particular, found facts in regard to the previous proceedings and found and ruled as follows: "No action was taken under section 8A by the employee and for this board to grant a new hearing on a matter which has been res adjudicated by a decision filed October 5, 1932 would be a disregard of section 8A and the authority vested in that tribunal. The board therefore find it is without jurisdiction and accordingly dismiss the claim." Certified copies of the "order or decision of the reviewing board . . . and all papers in connection therewith," including the decision of the single member filed on October 5, 1932, and the decision of the single member filed on January 9, 1937, were presented to the Superior Court. G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1932, c. 129, § 1; St. 1935, c. 484. That court entered two decrees. By one of them "the finding of the Industrial Accident Board with reference to the Globe Indemnity Co." was "adopted and affirmed," and by the other the claim for compensation against the General Accident Fire and Life Assurance Corporation, Ltd., was "dismissed." The employee appealed from both decrees.

It was the duty of the Superior Court under G. L. (Ter. Ed.) c. 152, § 11, to "render a decree in accordance" with the decision presented to it, that is, "in accordance with the law applicable to the facts presented by the papers." *Kareske's Case*, 250 Mass. 220, 225–226. *Virta's Case*, 287 Mass. 602, 605. The papers show a decision of a single member on October 5, 1932, in which there was a finding of fact that, at the time the injury was sustained by the employee, neither of the insurance companies was on the risk. No rights with respect to this issue of fact were reserved to the employee by this decision. The finding of the single member on this issue, unless modified or reversed in some

proper manner, was final. *Brode's Case*, 251 Mass. 414, 417–418. This is true whether or not the single member was correct in stating that the claim was dismissed "because of lack of jurisdiction." Clearly he had jurisdiction to make a finding that neither of the insurance companies was on the risk at the time of the injury (see G. L. [Ter. Ed.] c. 152, § 15A, amended by St. 1934, c. 252), and did so.

This finding of the single member has not been modified or reversed in a proper manner. We need not consider whether under any circumstances the single member could have changed his finding after filing his decision. He made no attempt to do so. His finding could not be reviewed by another member of the board — at least unless the case was referred to such member for that purpose by the reviewing board. *Brode's Case*, 251 Mass. 414, 417. Furthermore, the jurisdiction of a reviewing board to review a finding of a single member is purely statutory, and rests upon a claim for review seasonably filed. G. L. (Ter. Ed.) c. 152, §§ 8, 8A. *Brode's Case*, 251 Mass. 414, 418. See also *Levangie's Case*, 228 Mass. 213, 216, 217. And a reviewing board has no broader jurisdiction to review such a finding by remanding the claim to a single member for further hearing thereon than to review such finding directly. Where the power of the reviewing board to grant a rehearing has been recognized, the reviewing board had jurisdiction by reason of a claim for a review of the decision of the single member. See *Devine's Case*, 236 Mass. 588, 590, 595; *Lopes's Case*, 277 Mass. 581, 587; *DePietro's Case*, 284 Mass. 381, 383–384. In the present case there was no such claim for a review of the decision of the single member filed October 5, 1932, and the reviewing board had no jurisdiction either to review that decision directly or to refer the case to the single member who filed the decision of January 9, 1937, for further hearing on the question whether either of the insurance companies was on the risk when the employee's injury was sustained.

The reviewing board's jurisdiction on the claim for a review of the decision of the single member filed on January 9, 1937, was merely to review that decision, and on such review the board was bound by the finding of fact in the

decision of the single member filed on October 5, 1932. The reviewing board, therefore, was right in dismissing the claim against the General Accident Fire and Life Assurance Corporation, Ltd. And the decree of the Superior Court to that effect was rendered "in accordance with the law applicable to the facts presented by the papers," including the decision of the single member filed October 5, 1932, and the decision of the reviewing board filed May 6, 1937. *Virta's Case*, 287 Mass. 602, 605–607. Since this decree rests, in part at least, upon the decision of the reviewing board of May 6, 1937, the papers with respect to which were seasonably presented to the Superior Court, appeal from the decree lies. G. L. (Ter. Ed.) c. 152, § 11. Whatever limitations there may be upon the scope of review on such an appeal, they do not preclude affirmance of the decree. *Virta's Case*, 287 Mass. 602.

The appeal of the employee from the decree relating to the Globe Indemnity Company is not properly before us. The employee did not claim a review either of the decision of a single member in favor of this insurer filed October 5, 1932, or of the like decision filed on January 9, 1937. Though it was within the jurisdiction of the Superior Court to enter a decree based on these decisions no appeal from such decree lies. G. L. (Ter. Ed.) c. 152, § 11. "In cases of errors of law apparent on the face of the record, they may be corrected by certiorari, or perhaps by some other appropriate remedy." *Young* v. *Duncan*, 218 Mass. 346, 354. *Sciola's Case*, 236 Mass. 407, 411–412. See, however, as to the proper form of decree, *Johnson's Case*, 242 Mass. 489, 493–494.

> *Decree relating to the General Accident Fire and Life Assurance Corporation, Ltd. affirmed.*
> *Appeal from the decree relating to the Globe Indemnity Company dismissed.*