### PETER STONE'S CASE.

Worcester.    September 24, 1945. — November 5, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act,* Finding by a single member, Amount of compensation.

In a workmen's compensation case, a decision by a single member of the Industrial Accident Board, of which no review ever was sought, directing continued weekly payments of compensation as for total incapacity of the employee, finally settled the amount of and method of paying compensation for such incapacity; precluded a reviewing board from reviewing a later decision of the single member awarding further compensation upon petition of the employee after the insurer had completed payment of the compensation originally ordered; and required a decree dismissing the claim for further compensation.

CERTIFICATION to the Superior Court in a proceeding under the workmen's compensation act.

A final decree was entered by order of *Giles*, J.

*E. H. Potter*, for the insurer.

*Nunziato Fusaro*, for the claimant.

RONAN, J. This is a proceeding under the workmen's compensation act. The employee, a shoe worker, was injured on June 26, 1934, when he lost the terminal phalange

of his right thumb. He returned to work on October 29, 1934, and continued until July 1, 1935, when he met with a second injury which resulted in the loss of the remaining phalange of the same thumb. He returned to work on November 4, 1935, and was employed until he was laid off on March 26, 1936. A single member of the Industrial Accident Board, after a hearing, made a decision on December 15, 1936, in which he found that the average weekly wage of the employee at the time of the first injury was $21.88 and at the time of the second injury was $15, and that after he returned to work and up to the time of his second injury his earning capacity was reduced $6.88 a week, and he ordered the insurer to, pay $4.59 a week for this period. He further found that the employee's earning capacity was reduced $5.53 a week from what it was at the time of his first injury during the period he worked from November 4, 1935, to March 26, 1936, and ordered the insurer to pay compensation at the rate of $3.69 a week for this period. He also found that the employee has been totally disabled since March 26, 1936, as a result of the two injuries, and ordered the insurer to pay compensation at the rate of $14.58 a week from March 26, 1936, and to continue such payments under the act. During the entire time in question the employee worked for the same employer who was covered by a policy issued by the same insurer. The insurer, after paying $4,700 in compensation and $400 for the two specific injuries to the thumb, ceased on October 24, 1941, to make further payments. On a petition of the employee for a continuance of payments, the same single member who had made the decision on December 15, 1936, ordered the insurer on May 26, 1942, to continue payments at the rate of $10 a week from October 24, 1941. On review the board found that the payment of compensation for this same incapacity was completely settled by the decision of December 15, 1936, from which no review had been taken, and decided that it had no authority to review this second decision and ordered the claim dismissed. The employee then took the case to the Superior Court. There the case was recommitted to the board. A third hearing was held before

the same single member, who filed a decision on May 19, 1943, in which he found that he had made a mistake in his decision of May 26, 1942, that he should then have ordered the insurer to pay compensation at the rate of $14.58 a week instead of $10 a week, and that he based this larger sum upon partial compensation of $4.58 due to the first injury and partial compensation of $10 for the second injury. The board on review reiterated its decision that the matter had been settled by the decision of December 15, 1936, and refused to modify or reverse that decision. In the Superior Court a decree was entered ordering the insurer to pay $4.58 a week as compensation on account of the first injury and $10 a week as compensation on account of the second injury. The insurer appealed from this decree.

The employee contends that he is entitled to compensation for total incapacity at the rate of $4.58 a week on account of the first injury and at the rate of $10 a week on account of the second injury and, if we understand him correctly, to have these respective payments continue while this incapacity exists for a period not greater than five hundred weeks unless the maximum amount of $4,500 shall have sooner been paid by the insurer for each injury.

The answer to this contention may be supplied by an examination of the provisions of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, and a consideration of its underlying purpose, and by the decisions of this court dealing with the maximum amount of compensation payable to an injured employee, the apportionment of liability for compensation payments and other questions closely analogous to the contention of the employee. See G. L. (Ter. Ed.) c. 152, §§ 34, 35, as amended; *Sinclair's Case*, 248 Mass. 414; *Panagotopulos's Case*, 276 Mass. 600, 607; *Crowley's Case*, 287 Mass. 367, 371; *Hasson's Case*, 288 Mass. 245; *Evans's Case*, 299 Mass. 435; *Falcione's Case*, 305 Mass. 433, 435; *Borstel's Case*, 307 Mass. 24, 25. The contention of the employee, however, is not open upon this record, and it will be time enough to decide it when the point is presented.

The amount of compensation and the manner of pay-

ment were settled by the single member on December 15, 1936. He made no order at that time that the insurer should pay $4.58 a week on account of the first injury and $10 a week on account of the second injury as the employee contends. We do not intimate that he would have had authority to make such an order. What he did order was the payment of compensation at the rate of $14.58 a week, which was two thirds of the average weekly wages of the employee at the time he was first injured. We agree with the Industrial Accident Board in so construing that decision, and we further agree with the board that the amount of compensation and the method of payment for this same total incapacity were fully and finally settled by the decision of December 15, 1936, from which no review was ever sought, and that the board had no authority to disturb or modify that decision or to review the decisions of May 26, 1942, and May 19, 1943. *Brode's Case*, 251 Mass. 414. *Rocha's Case*, 300 Mass. 121.

The decree of the Superior Court is reversed, and a decree is to be entered dismissing the claim.

*So ordered.*