### ANTONINA BEAUSOLEIL'S (dependent's) CASE.

Suffolk.    May 6, 1947. — June 2, 1947.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Workmen's Compensation Act,* Compensation to dependents, Amount of compensation, Dependency. *Statute,* Retroactive statute.

Statute 1945, c. 572, amending § 31 of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, by increasing the compensation to be paid to dependents of a deceased employee, is not to be applied retroactively.

The right of dependents of a deceased employee to compensation under the workmen's compensation act originates in and is founded upon a compensable injury rather than in and upon the death of the employee resulting therefrom, and therefore a statute changing the amount of such compensation, enacted between the time of the injury and the time of the death, cannot be applied unless by express terms or necessary implication it manifests a legislative intent that it be applied retroactively.

In fixing the maximum amount of compensation payable under the last paragraph of G. L. (Ter. Ed.) c. 152, § 31, to a dependent husband by reason of the death of his wife as a result of her having sustained a compensable injury, compensation paid to her before her death must be deducted.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the workmen's compensation act.

A decree was entered by order of *Cabot,* J.

*E. Field,* (*J. C. Gahan, Jr.,* with him,) for the insurer.

*S. Pearl,* (*J. A. McNiff* with him,) for the claimant.

RONAN, J.    The claimant and the insurer appealed from a decree of the Superior Court awarding the claimant compensation as the dependent of his wife, who quit her employment on January 15, 1943, as the result of a pulmonary condition alleged to have arisen out of and in the course of her employment for which, in accordance with an agreement approved by the Industrial Accident Board, she was paid compensation weekly at the rate of $14.64 from January 1, 1944, to December 9, 1945.    She died on

December 13, 1945. The claimant, her husband, who by virtue of G. L. (Ter. Ed.) c. 152, § 32, was a dependent of the employee with whom he lived at the time of her death, was found by the Industrial Accident Board to be entitled to compensation at the rate of $10 a week from the date of the death of his wife for a period of not more than five hundred weeks and for an amount of not over $4,000. A decree was entered in the Superior Court in accordance with the decision of the board.

The claimant contends that the decree was wrong because he should have been awarded compensation at the rate and to the extent designated by G. L. (Ter. Ed.) c. 152, § 31, as amended by St. 1945, c. 572, which became effective after the injury but before the death of his wife and not, as the board decided, in accordance with said § 31 as it was at the time of her injury.

A compensable personal injury resulting from the gradual impairment of the body because of the absorption of fumes, gases, dirt or foreign matter is said to occur when the accumulative effect of the absorption renders the employee unable to render service. *DeFilippo's Case*, 284 Mass. 531. *Crowley's Case*, 287 Mass. 367. The injury here must be regarded as having occurred not later than January 15, 1943, when the employee quit her employment.

The board was right in basing compensation on the statute, G. L. (Ter. Ed.) c. 152, § 31, as it stood at the time of the injury.

Statute 1945, c. 572, amended G. L. (Ter. Ed.) c. 152, § 31, and became effective after the injury but before the death. It greatly increased the death benefits payable to the husband of a deceased employee, not only by increasing the rate of weekly payments but also by increasing the total amount payable. This amendment did not relate to matters that were remedial or procedural. It created new rights in favor of dependents in important respects. A statute of this nature is to be applied prospectively and not retroactively unless the statute itself, by express terms or necessary implication, manifests the legislative intent that it should be applied retroactively. Statutes providing for compensation

for injured employees have in accordance with the general rule been applied prospectively. *Walkden's Case*, 237 Mass. 115. *Lapan's Case*, 237 Mass. 340. *Kareske's Case*, 250 Mass. 220, 227. *Wamboldt's Case*, 265 Mass. 300. *Manley's Case*, 280 Mass. 331. *Casieri's Case*, 286 Mass. 50. *Ziccardi's Case*, 287 Mass. 588. *Greenaway's Case*, 319 Mass. 121. There is nothing in St. 1945, c. 572, that indicates any legislative intent that it should be applied to cases where the injuries occurred prior to its enactment.[1]

This construction of the amending statute, St. 1945, c. 572, is in accord with the rule established in workmen's compensation cases that the determination of the dependents of an employee is to be made as of the date of the injury and not the date of the death. *Bott's Case*, 230 Mass. 152. *Cronin's Case*, 234 Mass. 5. *Gleason's Case*, 269 Mass. 583. *Musgrave's Case*, 281 Mass. 416.[2]

But the claimant contends that St. 1945, c. 572, even if it were not in effect at the time of the injury, is not retroactively applied to a case where the death occurred after this statute became operative because he had no cause of action until the death of the employee. It is true that the right of a dependent to compensation does not arise until the death of the employee, but it is also true that the right of a dependent to receive compensation originates in the injury because, unless it is shown that death resulted from an injury arising out of and in the course of employment, there can be no award of compensation to dependents. It is urged that the right of dependents to compensation is separate from and independent of any right of the injured employee to compensation, and that an injured employee cannot release his dependents' rights, *Cripps's Case*, 216 Mass. 586; but that principle is not limited to workmen's compensation cases, for a right of action for death in this

---

[1] See now St. 1946, c. 386, § 3, inserting § 2A in G. L. (Ter. Ed.) c. 152, providing that workmen's compensation statutes dealing with substantive rights are not to be retroactively applied unless otherwise expressly provided.

[2] Statutes somewhat similar to our own have been so construed in other jurisdictions. *Atkinson* v. *Atkinson*, 47 Ga. App. 345. *Casaday* v. *State Industrial Accident Commission*, 116 Ore. 656. *Kuetbach* v. *Industrial Commission of Wisconsin*, 166 Wis. 378. *Sarich* v. *Industrial Commission*, 64 Utah, 17.

Commonwealth is always the creature of a statute, and as the injured party never possesses the right to damages for his death he cannot prevent his statutory beneficiaries from exercising that right when it comes into existence at his death. *Wall* v. *Massachusetts Northeastern Street Railway*, 229 Mass. 506. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136. *Oliveria* v. *Oliveria*, 305 Mass. 297. But even if the right of the dependents to compensation may be said to be separate from and not derived from the right of the injured employee to compensation, yet it is important to have in mind that the rights of each originate in the same injury. The injury is not only the common ground but the only one upon which an award of compensation may be founded. It is the compensable injury resulting in death that furnishes the basis for an award of compensation to dependents. It is such an injury rather than the death for which compensation is awarded. It has been held that there can be no recovery for the death of a person in accordance with a statute enacted after the injury but before the death. *Slate* v. *Fort Worth*, 193 S. W. 1143 (Tex. Civ. App.). *Quinn* v. *Chicago, Milwaukee & St. Paul Railway*, 141 Wis. 497.

The contention of the claimant loses sight of the fact that the date of the injury determines not only who are dependents but also the payments to which they will become entitled upon the death of the employee, so that the injury itself is the real basis for the allowance of compensation to them. A statute enacted after the injury cannot be applied to payments to dependents on account of the death of the employee resulting from the injury unless it is retroactively applied. The statute, St. 1945, c. 572, for reasons already stated, does not permit such application. The rights of dependents are to be determined by the statute in effect at the time of injury and not by a subsequent statute which is effective at the time of the death of the employee. *Quilty* v. *Connecticut Co.* 96 Conn. 124. *Stanswsky* v. *Industrial Commission*, 344 Ill. 436. *Collwell* v. *Bedford Stone & Construction Co.* 73 Ind. App. 344. *Thomas* v. *Crummies Creek Coal Co.* 297 Ky. 210. *Gray* v. *St. Croix Paper Co.* 120 Maine, 81. *Virden* v. *Smith*, 46 Nev. 208. *Coté* v. *Bachelder-*

*Worcester Co.* 85 N. H. 444. *Rosell* v. *State Industria. Accident Commission,* 164 Ore. 173. *Thorpe* v. *Department of Labor & Industries,* 145 Wash. 498. *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198. But see *State* v. *District Court of Hennepin County,* 131 Minn. 96; *Industrial Commission of Ohio* v. *Kamrath,* 118 Ohio St. 1.

The action of the board in basing its decision upon the statute in effect when the injury occurred and not upon the statute in effect at the death may also be supported upon a ground other than the construction of the later statute. It was optional with the employer before the injury to become an insured person under the workmen's compensation act, and it was likewise optional with the employee to accept the benefits of the act; and where, as here, both have voluntarily elected to come within the provisions of the act, the act must be read into the contract of employment. *P. J. Carlin Construction Co.* v. *Heaney,* 299 U. S. 41, 44. Upon the occurrence of an injury to the employee arising out of and in the course of her employment her rights to compensation and the obligation of the insurer to pay compensation were governed and fixed by the act, *Ahmed's Case,* 278 Mass. 180, 183, 184, *Alecks's Case,* 301 Mass. 403, 406;[1] and these rights and obligations, being contractual in nature, could not be impaired by a subsequent statute. *Frank Kumin Co. Inc.* v. *Marean,* 283 Mass. 332. *Ziccardi's Case,* 287 Mass. 588. *Campbell* v. *Boston,* 290 Mass. 427, 430, 431. *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183. *Sears* v. *Boston Elevated Railway,* 313 Mass. 326.

The insurer is right in its contention that it should be credited with the payments made to the employee in fixing the total amount payable to the claimant. The compensation to be awarded a husband upon the death of his wife, the injured employee, with whom he was living at the time of her death, was governed by the last paragraph of § 31 of G. L. (Ter. Ed.) c. 152, which fixed a maximum weekly payment of $10 for a period of five hundred weeks and a total

[1] See now St. 1943, c. 529, effective November 15, 1943, requiring employers to provide compensation for their employees. See also St. 1945, c. 369.

amount of not more than $4,000.[1]  The wife of the claimant had received payments for total incapacity under § 34 of said c. 152, and if she lived and the incapacity continued she would have been entitled to receive a total payment of not more than $4,500.  If the contention of the husband that these payments to her should not be deducted from the total amount payable to him were sound, then it would be possible for his injured wife to have received $4,500 and for him to receive an additional $4,000, or a total of $8,500, when if the husband himself were the injured employee the amounts which he received for incapacity and what his widow and children would receive after his death could not together exceed $6,400 as provided in the second paragraph of said § 31 as it stood on January 15, 1943.  It is not reasonable to assume that the Legislature could have intended that the total payments arising out of an injury to the wife should be greater than the amount payable in case of an injury to and subsequent death of a husband, who is ordinarily the head of the family and its principal wage earner.  See *Hasson's Case,* 288 Mass. 245.

The fact that the second paragraph of § 31 expressly provides that the total payments to the widow and children shall not amount to more than $6,400, "including such payments as were made to the injured employee before his death," and that there is no such express provision requiring a similar deduction in the case of the dependents mentioned in the last paragraph of said section is not controlling.  It was held in *Sinclair's Case,* 248 Mass. 414, where likewise there was no such express provision (St. 1914, c. 708, § 2), that the maximum of $4,000 payable to the dependents should include payments to the injured employee before his death.  For similar decisions under the English act see also *Williams* v. *Vauxhall Colliery Co. Ltd.* [1907] 2 K. B. 433; *Howell* v. *Bradford & Co.* 104 L. T. (N. S.) 433.

We think that *Sinclair's Case* is decisive.  The decree of the Superior Court must be modified by striking out the

___

[1] See St. 1943, c. 400, effective after the injury and increasing the maximum weekly payments to $12, and St. 1945, c. 572, which greatly increased the amounts payable to a husband and in the main put him on the same basis as the widow of an injured employee.

words and figures "four thousand dollars ($4,000)" and substituting therefor the following: two thousand five hundred thirty-three dollars and ninety-one cents ($2,533.91), and as so modified it is affirmed.

*So ordered.*