JOHN HASSON'S CASE.

Worcester.    September 25, 1934. — October 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* Amount of compensation.

Under §§ 34, 35, of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, the maximum amount of compensation which may be ordered paid to an employee in the aggregate for both total incapacity and partial incapacity resulting from the same injury is $4,500.

CERTIFICATION to the Superior Court on July 27, 1932, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board awarding the employee compensation for total incapacity from June 20, 1930, to July 1, 1931, and for partial incapacity from July 1, 1931.

Material facts are stated in the opinion. On July 10, 1934, rulings requested by the employee in the Superior Court, that "he is entitled, in addition to amount received from the insurer for total incapacity, to maximum payments of $4,500 for partial incapacity," and that "he shall continue to be paid in accordance with the findings of the Industrial Accident Board for partial incapacity until he has been paid for partial incapacity the sum of $4,500 or until he is no longer partially incapacitated notwithstanding that total payments received by him from the insurer for both total and partial incapacity have amounted to $4,500," were refused by *Williams,* J., by whose order there was entered a decree directing payment of compensation in the sum of $20.57 and adjudging "that upon such payment said employee shall be entitled to no further compensation." The employee appealed.

*F. P. McKeon,* for the employee.

*M. J. Rubin,* (*J. C. McDonald* with him,) for Commercial Casualty Company.

*G. Gleason,* for Merchants Mutual Casualty Company, submitted a brief.

LUMMUS, J. The employee sustained a hernia on June 13, 1929, while the Commercial Casualty Insurance Company was the insurer. For this he was paid weekly compensation for total incapacity amounting to $753.43, which was discontinued April 2, 1930. In June, 1930, he resumed work for the same employer, which had then become insured by the Merchants Mutual Casualty Company. He became disabled by hernia on June 20, 1930, and this, the Industrial Accident Board found, was not a new injury but a recurrence of the old one. The board awarded against the Commercial Casualty Insurance Company compensation for total incapacity at the maximum rate of $18 a week from June 20, 1930, to July 1, 1931, amounting to $966.86, and for partial incapacity at the same rate from July 1, 1931. The employee received $2,759.14 for partial incapacity. If it is proper to combine the amounts paid the employee for total and for partial incapacity, the sum of $4,479.43 already paid leaves only $20.57 to be paid in order to reach the statutory maximum of $4,500. G. L. (Ter. Ed.) c. 152, §§ 34, 35. The Superior Court made a decree for the payment of only $20.57 by the Commercial Casualty Insurance Company, and the employee appealed.

The employee does not now argue that the later insurer is liable. See *Crowley's Case,* 287 Mass. 367, 371. He does contend that G. L. (Ter. Ed.) c. 152, §§ 34, 35, are independent of each other, and that for the same injury an employee may obtain as a maximum $4,500 for total incapacity in addition to $4,500 for partial incapacity, instead of being limited to $4,500 in the aggregate.

There has always been a relation between the maximum amounts allowed for total and for partial incapacity. By St. 1911, c. 751, Part II, §§ 9, 10, the maximum compensation for total incapacity was fixed at $3,000, while the maximum compensation for partial incapacity, $10 a week for

three hundred weeks, amounted to the same sum. When by St. 1914, c. 708, §§ 4, 5, the number of weeks was made five hundred for each class of incapacity, the maximum amount was expressly made $4,000 in each section. St. 1919, cc. 197, 205, raised the maximum weekly compensation in each class to $16 and did not limit the number of weeks for which partial compensation could be allowed, but retained the maximum of $4,000 in each section. St. 1927, c. 309, §§ 7, 8, made the weekly maximum $18 and the total amount $4,500 in each section, and so the law remains. Only a plain indication of legislative purpose, which we do not find in the statute, could require us to attribute to the Legislature an intent to give much greater compensation to an employee whose incapacity was divided between total and partial incapacity, than to another who was totally and permanently disabled from the moment of the injury. We think that the decree, limiting the aggregate compensation for total and partial compensation to $4,500, was right. This conclusion finds support in the analogy of *Sinclair's Case*, 248 Mass. 414, 420.

*Decree affirmed.*